# EXHIBIT 1

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VIRTUS INVESTMENT PARTNERS, INC. SECURITIES LITIGATION | Case No. 15-cv-1249 (WHP) |

## STIPULATION AND AGREEMENT OF SETTLEMENT

This Stipulation and Agreement of Settlement, dated as of May 18, 2018 (the "Stipulation") is entered into between (a) Arkansas Teacher Retirement System ("Lead Plaintiff" or "ATRS"), on behalf of itself and the other members of the Class (defined below); and (b) defendants Virtus Investment Partners, Inc. ("Virtus"), Virtus Opportunities Trust ("VOT"), and George R. Aylward, Jeffrey T. Cerutti, and Francis G. Waltman (collectively, the "Individual Defendants," and, together with Virtus and VOT, the "Defendants"), and embodies the terms and conditions of the settlement of the above-captioned Action.[1] Subject to the approval of the Court and the terms and conditions expressly provided herein, this Stipulation is intended to fully, finally and forever compromise, settle, release, resolve, and dismiss with prejudice the Action and all claims asserted therein against Defendants.

WHEREAS:

A.    On February 20, 2015, a class action complaint was filed in the United States District Court for the Southern District of New York (the "Court"), styled *Cummins v. Virtus Investment Partners Inc., et al.*, No. 1:15-cv-1249-WHP.

---

[1] All terms with initial capitalization not otherwise defined herein shall have the meanings ascribed to them in ¶ 1 herein.

B.      By Order dated June 9, 2015, the Court ordered that the case be recaptioned as *In re Virtus Investment Partners, Inc. Securities Litigation,* Civil Action No. 15-cv-1249 (the "Action"), and that any subsequently filed, removed, or transferred actions that arise out of the subject matter of the Action be consolidated with the Action; appointed ATRS as Lead Plaintiff in the Action; and approved ATRS's selection of Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP as Co-Lead Counsel for the Class.

C.      On August 21, 2015, Lead Plaintiff filed and served its Consolidated Class Action Complaint (the "Complaint") asserting claims against all Defendants under Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 promulgated thereunder, and against the Individual Defendants under Section 20(a) of the Exchange Act.  Among other things, the Complaint alleged that Defendants made materially false and misleading statements and omissions concerning certain mutual funds issued by VOT bearing the AlphaSector name, including that the indices that certain of those funds sought to track had an "inception date" of April 1, 2001, and that the performance of those indices had been achieved through live trading with real client assets since that time, when in fact Defendants allegedly knew or were reckless in not knowing that the AlphaSector indices did not come into existence until 2008.  The Complaint further alleges that the price of Virtus publicly traded common stock was artificially inflated as a result of Defendants' allegedly false and misleading statements, and declined when the truth was revealed.

D.      On October 21, 2015, Defendants filed and served their motion to dismiss the Complaint.  On November 20, 2015, Lead Plaintiff filed and served its memorandum of law in opposition to the motion to dismiss and, on December 4, 2015, Defendants filed and served their reply papers.  Oral argument on Defendants' motion to dismiss was held on December 17, 2015,

and on July 1, 2016, the Court entered its Opinion and Order that granted in part, and denied in part, Defendants' motion.

E.     Discovery in the Action commenced promptly after the Court denied Defendants' motion to dismiss on July 1, 2016, and continued until August 15, 2017.  In connection with discovery, over 900,000 documents—constituting over five million pages—were produced, including over 600,000 documents from Defendants. In addition, over twenty depositions were taken, including fifteen fact witnesses. Multiple expert reports and rebuttal reports were also exchanged.

F.     On November 7, 2016, Lead Plaintiff filed its motion to certify the Action as a class action.  On May 15, 2017, the Court granted Lead Plaintiff's motion, certifying a Class consisting of all persons and entities that, during the period between January 25, 2013 and May 11, 2015, inclusive, purchased or otherwise acquired shares of the publicly traded common stock of Virtus and were damaged thereby.  The Court also appointed Lead Plaintiff as "Class Representative" and Co-Lead Counsel as "Class Counsel."

G.     By Order entered November 17, 2017, the Court granted Lead Plaintiff's unopposed motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, and amended the definition of the Class to exclude explicitly Defendants and their affiliates; approved the proposed form and content of notices to be disseminated to the Class; and approved the proposed method for dissemination of these notices (the "Notice Order").  Among other things, the Notice Order found that the form and content of Class notice met the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled to receive notice.

H.     On December 15, 2017, the Court granted Lead Plaintiff's unopposed request to extend the deadline for mailing notice to the Class in light of the Parties' agreement to conduct a private settlement mediation on December 21, 2017, the day after the original deadline to mail notice.

I.     On December 21, 2017, Co-Lead Counsel and Defendants' Counsel participated in a full-day mediation session before Jed D. Melnick, Esq. of JAMS (the "Mediator").  In advance of that session, the Parties provided detailed mediation statements and exhibits to the Mediator, which addressed the issues of both liability and damages.  The session ended without any agreement being reached.

J.     Beginning on January 22, 2018, the Notice of Pendency of Class Action was mailed to potential Class Members, and on February 1, 2018, the Summary Notice of Pendency of Class Action was published in the *Wall Street Journal* and *Financial Times* and transmitted over the *PR Newswire.*

K.     Pursuant to the Court's November 17, 2017 order, as modified by the Court's December 15, 2017 order, the Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so.  The Class Notice stated that it would be within the Court's discretion whether to permit a second opportunity to request exclusion if there is a settlement.  The Class Notice informed Class Members that if they chose to remain a member of the Class, they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable."  The deadline for requesting exclusion from the Class pursuant to the Class Notice was March 23, 2018.  37 persons and entities requested exclusion from the Class pursuant to the Class Notice.  *See* ECF No. 141.

L.      On October 6, 2017, Defendants moved for summary judgment.  Lead Plaintiff filed its opposition papers on December 4, 2017, and, on December 22, 2017, Defendants filed their reply papers.  Oral argument on Defendants' motion for summary judgment was held on January 18, 2018.

M.      Trial of the Action was scheduled by the Court to begin on March 19, 2018.

N.      On February 6, 2018, following extensive arm's-length negotiations, as well as additional efforts by the mediator, the Parties reached an agreement in principle to settle the Action for $22,000,000, subject to the execution of a customary "long form" stipulation and agreement of settlement and related papers.  This Stipulation (together with the exhibits hereto) constitutes the final and binding agreement between the Parties.

O.      Based upon their investigation, prosecution and mediation of the case, Lead Plaintiff and Co-Lead Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiff and the other members of the Class, and in their best interests.  Based on Lead Plaintiff's direct oversight of the prosecution of this matter and with the advice of their counsel, Lead Plaintiff has agreed to settle, release and dismiss with prejudice all claims asserted in the Action pursuant to the terms and provisions of this Stipulation, after considering, among other things: (a) the substantial financial benefit that Lead Plaintiff and the other members of the Class will receive under the proposed Settlement; and (b) the significant risks and costs of continued litigation and trial.

P.      Defendants deny any improper conduct or violation of the federal securities laws or any other law or regulation, and are entering into this Stipulation solely to avoid and eliminate the uncertainty, burden and expense of further protracted litigation.  Specifically, Defendants

contend that they disclosed all material information about Virtus's AlphaSector funds and that all disclosures concerning Virtus's AlphaSector funds were true and accurate at all times.

Q.     This Stipulation constitutes a compromise of matters that are in dispute between the Parties.  Each of the Defendants denies any wrongdoing and all of Lead Plaintiff's allegations, and this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of any of the Defendants with respect to any claim or allegation of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that the Defendants have, or could have, asserted.  The Defendants expressly deny that Lead Plaintiff has asserted any valid claims as to any of them, and expressly deny any and all allegations of fault, liability, wrongdoing or damages whatsoever.   Similarly, this Stipulation shall in no event be construed or deemed to be evidence of or an admission or concession on the part of Lead Plaintiff of any infirmity in any of the claims asserted in the Action, or an admission or concession that any of the Defendants' defenses to liability had any merit.   Each of the Parties recognizes and acknowledges, however, that the Action has been initiated, filed and prosecuted by Lead Plaintiff in good faith and defended by Defendants in good faith, that the Action is being voluntarily settled with the advice of counsel, and that the terms of the Settlement are fair, adequate and reasonable. NOW THEREFORE, it is hereby STIPULATED AND AGREED, by and among Lead Plaintiff (individually and on behalf of all other members of the Class) and Defendants, by and through their respective undersigned attorneys and subject to the approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, that, in consideration of the benefits flowing to the Parties from the Settlement, all Released Plaintiff's Claims as against the Defendants' Releasees and all Released Defendants' Claims as against the Plaintiff's Releasees shall be settled, released and dismissed with prejudice, upon and subject to the terms and conditions set forth below.

## **DEFINITIONS**

1.     As used in this Stipulation and any exhibits attached hereto and made a part hereof, the following capitalized terms shall have the following meanings:

(a)     "Action" means the consolidated securities class action in the matter styled *In re Virtus Investment Partners, Inc. Securities Litigation,* Civil Action No. 15-cv-1249.

(b)     "Authorized Claimant" means a Claimant who submits a Claim to the Claims Administrator that is approved by the Court for payment from the Net Settlement Fund.

(c)     "Co-Lead Counsel" or "Class Counsel" means the law firms of Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP.

(d)     "Claim" means a paper claim submitted on a Proof of Claim Form or an electronic claim that is submitted to the Claims Administrator.

(e)     "Claim Form" or "Proof of Claim Form" means the form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, that a Claimant must complete and submit should that Claimant seek to share in a distribution of the Net Settlement Fund.

(f)     "Claimant" means a person or entity who or which submits a Claim to the Claims Administrator seeking to be eligible to share in the proceeds of the Net Settlement Fund.

(g)     "Claims Administrator" means the administrator, Garden City Group, LLC, retained by Co-Lead Counsel on behalf of the Class and approved by the Court in connection with the distribution of the Class Notice, to provide all notices approved by the Court to potential Class Members and to administer the Settlement.

(h)     "Class" means the class certified in the Court's Opinion and Order dated May 15, 2017 (ECF No. 97), as modified by Order dated November 17, 2017 (ECF No. 116). Specifically, the Class includes all persons and entities that, during the period between January 25,

2013 and May 11, 2015, inclusive (the "Class Period"), purchased or otherwise acquired shares of the publicly traded common stock of Virtus and were damaged thereby. Excluded from the Class by definition are: (i) Defendants; (ii) former Defendants; (iii) the affiliates, parents, and subsidiaries of Virtus and VOT; (iv) the Officers and directors of Virtus, VOT, and the affiliates, parents, and subsidiaries of Virtus and VOT during the Class Period; (v) members of the Immediate Family of any excluded person; (vi) any entity in which any excluded person or entity has or had during the Class Period a controlling interest; and (vii) the legal representatives, heirs, successors, and assigns of any excluded person or entity. Also excluded from the Class are any persons and entities that submitted a request for exclusion from the Class in connection with the Class Notice and whose requests are accepted by the Court. If and only if the Court requires a second opportunity for Class Members to request exclusion from the Class, also excluded from the Class shall be any persons and entities who exclude themselves by submitting a request for exclusion in connection with the Settlement Notice and whose requests are accepted by the Court.

(i)     "Class Distribution Order" means an order entered by the Court authorizing and directing that the Net Settlement Fund be distributed, in whole or in part, to Authorized Claimants.

(j)     "Class Member" means each person and entity who or which is a member of the Class.

(k)     "Class Notice" means the notice of pendency previously directed by the Court's November 17, 2017 order, as modified by the Court's December 15, 2017 order, which was disseminated to Class Members in accordance with those orders.

(l)     "Class Period" means the period between January 25, 2013 and May 11, 2015, inclusive.

(m)     "Complaint" means the Consolidated Class Action Complaint filed by Lead Plaintiff in the Action on August 21, 2015.

(n)     "Court" means the United States District Court for the Southern District of New York.

(o)     "Defendants" means Virtus, VOT, and the Individual Defendants.

(p)     "Defendants' Counsel" means Simpson Thacher & Bartlett LLP.

(q)     "Defendants' Releasees" means Defendants and their respective current and former parent entities, business units, business divisions, affiliates or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their successors, predecessors, assigns, and assignees, and any of the Individual Defendants' Immediate Family members.

(r)     "Effective Date" with respect to the Settlement means the first date by which all of the events and conditions specified in ¶ 32 of this Stipulation have been met and have occurred or have been waived.

(s)     "Escrow Agent" means the Court Registry Investment System maintained for the United States District Court for the Southern District of New York.

(t)     "Final," with respect to the Judgment or any other court order, means: (i) if no appeal is filed, the expiration date of the time provided for filing or noticing any appeal under the Federal Rules of Appellate Procedure, *i.e.*, currently thirty (30) days after entry of the judgment or order; or (ii) if there is an appeal from the judgment or order, (a) the date of final dismissal of

all such appeals, or the final dismissal of any proceeding on certiorari or otherwise, or (b) the date the judgment or order is finally affirmed on an appeal, the expiration of the time to file a petition for a writ of certiorari or other form of review, or the denial of a writ of certiorari or other form of review, and, if certiorari or other form of review is granted, the date of final affirmance following review pursuant to that grant.  However, any appeal or proceeding seeking subsequent judicial review pertaining solely to an order issued with respect to (i) attorneys' fees, costs or expenses, or (ii) the plan of allocation of Settlement proceeds (as submitted or subsequently modified), shall not in any way delay or preclude a judgment from becoming Final.

(u)     "Immediate Family" means children, stepchildren, parents, stepparents, spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  As used in this paragraph, "spouse" shall mean a husband, a wife, or a partner in a state-recognized domestic relationship or civil union.

(v)     "Individual Defendants" means George R. Aylward, Jeffrey T. Cerutti, and Francis G. Waltman.

(w)     "Judgment" means the final judgment, substantially in the form attached hereto as Exhibit B, to be entered by the Court approving the Settlement.

(x)     "Lead Plaintiff" means Arkansas Teacher Retirement System.

(y)     "Litigation Expenses" means costs and expenses incurred in connection with commencing, prosecuting and settling the Action (which may include the costs and expenses of Lead Plaintiff directly related to its representation of the Class), for which Co-Lead Counsel intend to apply to the Court for payment from the Settlement Fund.

(z)     "Net Settlement Fund" means the Settlement Fund less: (i) any Taxes; (ii) any Notice and Administration Costs; (iii) any Litigation Expenses awarded by the Court;

(iv) any attorneys' fees awarded by the Court; and (v) any other costs or fees approved by the Court.

(aa)    "Notice and Administration Costs" means the costs, fees, and expenses that are incurred by the Claims Administrator and/or Co-Lead Counsel in connection with: (i) providing notices to the Class (including, but not limited to, the Class Notice and the Settlement Notice); and (ii) administering the Settlement, including but not limited to the Claims process, as well as any costs, fees, and expenses incurred in connection with maintaining the Settlement Fund, which shall be paid from (and out of) the Settlement Fund.

(bb)    "Officer" means any officer as that term is defined in Securities and Exchange Act Rule 16a-1(f).

(cc)    "Parties" means Defendants and Lead Plaintiff, on behalf of itself and the Class.

(dd)    "Plaintiff's Counsel" means Co-Lead Counsel and all other legal counsel who, at the direction and under the supervision of Co-Lead Counsel, performed services on behalf of the Class in the Action.

(ee)    "Plaintiff's Releasees" means Lead Plaintiff and all other Class Members, and their respective current and former parent entities, business units, business divisions, affiliates or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their successors, predecessors, assigns, and assignees.

(ff)   "Plan of Allocation" means the proposed plan of allocation of the Net Settlement Fund set forth in the Settlement Notice.

(gg)   "Preliminary Approval Order" means the order, substantially in the form attached hereto as Exhibit A, to be entered by the Court preliminarily approving the Settlement and directing that notice of the Settlement be provided to the Class.

(hh)   "PSLRA" means the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended.

(ii)   "Released Claims" means all Released Defendants' Claims and all Released Plaintiff's Claims.

(jj)   "Released Defendants' Claims" means all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, or foreign law, common law, statute, rule or regulation, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action against Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement.  Also, for the avoidance of doubt, Released Defendants' Claims do not include: (i) any claims against any person or entity that submitted a request for exclusion from the Class in connection with the Class Notice and whose request is accepted by the Court; or (ii) if and only if the Court requires a second opportunity for Class Members to request exclusion from the Class, any claims against any person or entity that submits a request for exclusion from the Class in connection with the Settlement Notice and whose request is accepted by the Court.

(kk)   "Released Plaintiff's Claims" means all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters, and issues of any kind or nature

12

whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, or foreign law, common law, statute, rule or regulation, whether individual or class in nature, that Lead Plaintiff or any other member of the Class: (i) asserted in the Complaint; or (ii) could have asserted in this Action or in any other forum, including without limitation any claims relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise, and including all claims within the exclusive jurisdiction of the federal courts, which Lead Plaintiff or any other Class Member ever had or now has, that arise out of, are based upon, or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or other acquisition of Virtus publicly traded common stock during the Class Period.  Released Plaintiff's Claims do not include any claims relating to the enforcement of the Settlement.   Also, for the avoidance of doubt, Released Plaintiff's Claims do not include: (i) any claims of any person or entity that submitted a request for exclusion from the Class in connection with the Class Notice and whose request is accepted by the Court; or (ii) if and only if the Court requires a second opportunity for Class Members to request exclusion from the Class, any claims of any person or entity that submits a request for exclusion from the Class in connection with the Settlement Notice and whose request is accepted by the Court.

(ll)   "Releasee(s)" means each and any of the Defendants' Releasees and each and any of the Plaintiff's Releasees.

(mm)   "Releases" means the releases set forth in ¶¶ 4-5 of this Stipulation.

(nn)   "Settlement" means the settlement between Lead Plaintiff and Defendants on the terms and conditions set forth in this Stipulation.

(oo)   "Settlement Amount" means $22,000,000 in immediately negotiable funds.

(pp)    "Settlement Fund" means the Settlement Amount plus any and all interest earned thereon.

(qq)    "Settlement Hearing" means the hearing set by the Court under Rule 23(e)(2) of the Federal Rules of Civil Procedure to consider final approval of the Settlement.

(rr)    "Settlement Notice" means the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses, substantially in the form attached hereto as Exhibit 1 to Exhibit A, which is to be mailed to Class Members.

(ss)    "Summary Settlement Notice" means the Summary Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses, substantially in the form attached hereto as Exhibit 3 to Exhibit A, to be published as set forth in the Preliminary Approval Order.

(tt)    "Taxes" means: (i) all federal, state and/or local taxes of any kind (including any interest or penalties thereon) on any income earned by the Settlement Fund; and (ii) the expenses and costs incurred by Co-Lead Counsel in connection with determining the amount of, and paying, any taxes owed by the Settlement Fund (including, without limitation, expenses of tax attorneys and accountants).

(uu)    "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement.  With respect to any and all Released Claims, the Parties stipulate and agree that, upon

14

the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each

of the other Class Members shall be deemed to have waived, and by operation of the Judgment

shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of

any state or territory of the United States, or principle of common law or foreign law, which is

similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement with the
> debtor.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed

by operation of law to have acknowledged, that the foregoing waiver was separately bargained for

and a key element of the Settlement.

      (vv)    "Virtus" means Virtus Investment Partners, Inc.

      (ww)    "VOT" means Virtus Opportunities Trust.

## **PRELIMINARY APPROVAL OF SETTLEMENT**

2.      Promptly upon execution of this Stipulation, Lead Plaintiff will move for

preliminary approval of the Settlement and the scheduling of a hearing for consideration of final

approval of the Settlement.  Concurrently with the motion for preliminary approval, Lead Plaintiff

shall apply to the Court for, and Defendants shall agree to, entry of the Preliminary Approval

Order, substantially in the form attached hereto as Exhibit A.  In connection with the motion for

preliminary approval of the Settlement, the Parties agree to request that the Court not permit a

second opportunity for Class Members to request exclusion from the Class.  However, the

Settlement is not contingent on the Court's decision regarding whether or not a second opportunity

to request exclusion from the Class shall be required.

## RELEASE OF CLAIMS

3.      The obligations incurred pursuant to this Stipulation are in consideration of: (i) the full and final disposition of the Action as against Defendants; and (ii) the Releases provided for herein.

4.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

5.      Pursuant to the Judgment, without further action by anyone, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

6.      Notwithstanding ¶¶ 4-5 above, nothing in the Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of this Stipulation or the Judgment.

## THE SETTLEMENT CONSIDERATION

7.      (a)      In consideration of the full and final settlement, satisfaction, compromise and release of the Released Plaintiff's Claims against Defendants and the other Defendants' Releasees, Defendants shall pay or cause to be paid the Settlement Amount no later than fifteen (15) business days after the later of: (a) the date of entry by the Court of an order preliminarily approving this Settlement; or (b) Defendants' Counsel's receipt from Co-Lead Counsel of the information necessary to effectuate a transfer of funds to the Escrow Agent.  Upon the full and timely payment of the Settlement Amount to the Escrow Agent, Defendants shall have no further monetary obligations of any sort or kind to Lead Plaintiff, any Class Members, or any counsel for Lead Plaintiff and Class Members under the terms and conditions of the Settlement.

(b)      The Settlement Amount, plus any and all interest earned thereon, shall constitute the Settlement Fund.  In accordance with 28 U.S.C. §1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk of the Court is directed, without further order of this Court, to deduct from the income earned on the money in the Settlement Fund a fee equal to the lesser of (i) 10% of the income earned on the money in the Settlement Fund or (ii) the fee authorized by the Judicial Conference of the United States as currently set by the Director of the Administrative Office.  The Clerk of the Court shall provide to Co-Lead Counsel the monthly statements of interest earned by the Settlement Fund.

## USE OF SETTLEMENT FUND

8.      The Settlement Fund shall be used to pay: (a) any Taxes; (b) any and all Notice and Administration Costs; (c) any Litigation Expenses awarded by the Court; (d) any attorneys' fees awarded by the Court; and (e) any other costs and fees approved by the Court.  The balance

remaining in the Settlement Fund, that is, the Net Settlement Fund, shall be distributed to Authorized Claimants as provided in ¶¶ 18-30 below.

9.      Except as provided herein or pursuant to orders of the Court, the Net Settlement Fund shall be held by the Escrow Agent prior to the Effective Date.  All funds held by the Escrow Agent shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall be distributed or returned pursuant to the terms of this Stipulation and/or further order of the Court.  The Escrow Agent shall invest all money in the Settlement Fund exclusively in instruments backed by the full faith and credit of the United States (or a mutual fund invested solely in such instruments) and shall collect and reinvest all interest accrued thereon, except that any residual cash balances up to the amount that is insured by the FDIC may be deposited in any account that is fully insured by the FDIC.  Subject to further order(s) and/or directions as may be made by the Court, or as provided in this Stipulation, the Escrow Agent is authorized to execute such transactions as are consistent with the terms of this Stipulation.  The Parties shall have no responsibility for, interest in, or liability whatsoever with respect to the actions of the Escrow Agent, or any transaction executed by the Escrow Agent.

10.      The Parties agree that the Settlement Fund is intended to be a Qualified Settlement Fund within the meaning of Treasury Regulation § 1.468B-1 and that Co-Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall be solely responsible for filing or causing to be filed all informational and other tax returns as may be necessary or appropriate (including, without limitation, the returns described in Treasury Regulation § 1.468B-2(k) for the Settlement Fund.  Co-Lead Counsel shall also be responsible for causing payment to be made from the Settlement Fund of any Taxes owed with respect to the Settlement Fund.  The Defendants' Releasees shall not have any liability or

responsibility for any such Taxes.  Upon written request, Defendants will provide to Co-Lead Counsel the statement described in Treasury Regulation § 1.468B-3(e).  Co-Lead Counsel, as administrators of the Settlement Fund within the meaning of Treasury Regulation § 1.468B-2(k)(3), shall timely make such elections as are necessary or advisable to carry out this paragraph, including, as necessary, making a "relation-back election," as described in Treasury Regulation § 1.468B-1(j), to cause the Qualified Settlement Fund to come into existence at the earliest allowable date, and shall take or cause to be taken all actions as may be necessary or appropriate in connection therewith.

11.     All Taxes shall be paid out of the Settlement Fund, and shall be timely paid, or caused to be paid, by Co-Lead Counsel.  Any tax returns prepared for the Settlement Fund (as well as the election set forth therein) shall be consistent with the previous paragraph and in all events shall reflect that all Taxes on the income earned by the Settlement Fund shall be paid out of the Settlement Fund as provided herein.

12.     The Settlement is not a claims-made settlement.  Upon the occurrence of the Effective Date, no Defendant, Defendants' Releasee, or any other person or entity who or which paid any portion of the Settlement Amount shall have any right to the return of the Settlement Fund or any portion thereof for any reason whatsoever, including without limitation, the number of Claims submitted, the collective amount of Recognized Claims of Authorized Claimants, the percentage of recovery of losses, or the amounts to be paid to Authorized Claimants from the Net Settlement Fund, except as otherwise provided in ¶ 40 below.

13.     All Notice and Administration Costs actually incurred and paid or payable shall be paid out of the Settlement Fund.  Such costs and expenses shall include, without limitation, the actual costs of printing and mailing the Class Notice and Settlement Notice, publishing the

Summary Settlement Notice, reimbursements to nominee owners for forwarding the Class Notice and/or Settlement Notice to their beneficial owners, the administrative expenses incurred and fees charged by the Claims Administrator in connection with providing notice, administering the Settlement (including processing the submitted Claims), and the fees, if any, of the Escrow Agent. Notwithstanding the fact that the Effective Date has not yet occurred, Lead Counsel may seek Court approval to pay Notice and Administration Costs actually and reasonably incurred.  In the event that the Settlement is terminated pursuant to the terms of this Stipulation, all Notice and Administration Costs paid or incurred, including any related fees, shall not be returned or repaid to Defendants, any of the other Defendants' Releasees, or any other person or entity who or which paid any portion of the Settlement Amount.

## OBJECTIONS BY CLASS MEMBERS

14. In connection with the motion for preliminary approval of the Settlement, the Parties agree to request that any objections by Class Members to the fairness, reasonableness or adequacy of the Settlement, to the proposed Plan of Allocation, or to Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses shall be received no later than twenty-one (21) calendar days prior to the Settlement Hearing, and subject to the requirements set out in the Preliminary Approval Order and Settlement Notice.

## ATTORNEYS' FEES AND LITIGATION EXPENSES

15. Co-Lead Counsel will apply to the Court for a collective award of attorneys' fees to Plaintiff's Counsel to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel also will apply to the Court for payment of Litigation Expenses, which may include a request for reimbursement of Lead Plaintiff's costs and expenses directly related to their representation of the Class, to be paid from (and out of) the Settlement Fund.  Co-Lead Counsel's application for an

award of attorneys' fees and/or Litigation Expenses is not the subject of any agreement between Defendants and Lead Plaintiff other than what is set forth in this Stipulation.

16.     Any attorneys' fees and Litigation Expenses that are awarded by the Court shall be paid to Co-Lead Counsel from (and out of) the Settlement Fund immediately upon the Court's award, notwithstanding the existence of any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to Plaintiff's Counsel's obligation to make appropriate refunds or repayments to the Settlement Fund, plus accrued interest at the same net rate as is earned by the Settlement Fund, if the Settlement is terminated pursuant to the terms of this Stipulation or if, as a result of any appeal or further proceedings on remand, or successful collateral attack, the award of attorneys' fees and/or Litigation Expenses is reduced or reversed and such order reducing or reversing the award has become Final.  Plaintiff's Counsel shall make the appropriate refund or repayment in full no later than thirty (30) days after: (a) receiving from Defendants' Counsel notice of the termination of the Settlement; or (b) any order reducing or reversing the award of attorneys' fees and/or Litigation Expenses has become Final. An award of attorneys' fees and/or Litigation Expenses is not a necessary term of this Stipulation and is not a condition of the Settlement embodied herein.  Neither Lead Plaintiff nor Co-Lead Counsel may cancel or terminate the Settlement based on this Court's or any appellate court's ruling with respect to attorneys' fees and/or Litigation Expenses.

17.     Co-Lead Counsel shall allocate the attorneys' fees awarded amongst Plaintiff's Counsel in a manner which they, in good faith, believe reflects the contributions of such counsel to the institution, prosecution and settlement of the Action.  Defendants' Releasees shall have no responsibility for or liability whatsoever with respect to the allocation or award of attorneys' fees

or Litigation Expenses.  The attorneys' fees and Litigation Expenses that are awarded to Plaintiff's Counsel shall be payable solely from (and out of) the Settlement Fund.

### NOTICE AND SETTLEMENT ADMINISTRATION

18.     The Claims Administrator shall administer the Settlement, including but not limited to the process of receiving, reviewing and approving or denying Claims, under Co-Lead Counsel's supervision and subject to the jurisdiction of the Court.  None of the Defendants, nor any other Defendants' Releasees, shall have any involvement in or any responsibility, authority or liability whatsoever for the selection of the Claims Administrator, the Plan of Allocation, the administration of the Settlement, the Claims process, or disbursement of the Net Settlement Fund, and shall have no liability whatsoever to any person or entity, including, but not limited to, Lead Plaintiff, any other Class Members or Co-Lead Counsel in connection with the foregoing.  Defendants' Counsel shall cooperate in the administration of the Settlement to the extent reasonably necessary to effectuate its terms, but any and all Notice and Administration Costs shall be paid from (and out of) the Settlement Fund.

19.     In accordance with the terms of the Preliminary Approval Order to be entered by the Court, Co-Lead Counsel shall cause the Claims Administrator to mail the Settlement Notice and Proof of Claim Form to all persons and entities who were previously mailed copies of the Notice of Pendency of Class Action and any other potential Class Members who can be identified through reasonable effort.  Co-Lead Counsel shall also cause the Claims Administrator to have the Summary Settlement Notice published in accordance with the terms of the Preliminary Approval Order to be entered by the Court.  For the purposes of identifying and providing notice of the Settlement to the Class, Virtus has previously provided or caused to be provided to the Claims

Administrator the shareholder information previously requested by Lead Plaintiff and ordered by the Court.

20.     No later than ten (10) calendar days following the filing of this Stipulation with the Court, Defendants shall serve upon the appropriate state official of each state in which a Class Member resides and the Attorney General of the United States a notice of the proposed Settlement in compliance with the requirements of the Class Action Fairness Act, 28 U.S.C. § 1715 *et seq.* ("CAFA").  Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice.  At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Co-Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

21.     The Claims Administrator shall receive Claims and determine first, whether the Claim is a valid Claim, in whole or part, and second, each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Claim compared to the total Recognized Claims of all Authorized Claimants (as set forth in the Plan of Allocation set forth in the Settlement Notice attached hereto as Exhibit 1 to Exhibit A, or in such other plan of allocation as the Court approves).

22.     The Plan of Allocation proposed in the Settlement Notice is not a necessary term of the Settlement or of this Stipulation and it is not a condition of the Settlement or of this Stipulation that any particular plan of allocation be approved by the Court.  Lead Plaintiff and Co-Lead Counsel may not cancel or terminate the Settlement (or this Stipulation) based on this Court's or any appellate court's ruling with respect to the Plan of Allocation or any other plan of allocation in this Action.  Defendants and the other Defendants' Releasees shall not object in any way to the Plan of Allocation or any other plan of allocation in this Action.  No Defendant, nor any other

23

Defendants' Releasees, shall have any involvement with or liability, obligation or responsibility whatsoever for the application of the Court-approved plan of allocation.

23.     Any Class Member who does not submit a valid Claim will not be entitled to receive any distribution from the Net Settlement Fund, but will otherwise be bound by all of the terms of this Stipulation and Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim, or other proceeding of any kind against the Defendants' Releasees with respect to the Released Plaintiff's Claims in the event that the Effective Date occurs with respect to the Settlement.

24.     Co-Lead Counsel shall be responsible for supervising the administration of the Settlement and the disbursement of the Net Settlement Fund subject to Court approval.   No Defendant, or any other Defendants' Releasees, shall be permitted to review, contest or object to any Claim, or any decision of the Claims Administrator or Co-Lead Counsel with respect to accepting or rejecting any Claim for payment.  Co-Lead Counsel shall have the right, but not the obligation, to waive what it deems to be formal or technical defects in any Claims submitted in the interests of achieving substantial justice.

25.     For purposes of determining the extent, if any, to which a Claimant shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)     Each Claimant shall be required to submit a Claim in paper form, substantially in the form attached hereto as Exhibit 2 to Exhibit A, or in electronic form, in accordance with the instructions for the submission of such Claims, and supported by such documents as are designated therein, including proof of the Claimant's loss, or such other

documents or proof as the Claims Administrator or Co-Lead Counsel, in their discretion, may deem acceptable;

(b)     All Claims must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Settlement Notice.  Any Class Member who fails to submit a Claim by such date shall be forever barred from receiving any distribution from the Net Settlement Fund or payment pursuant to this Stipulation (unless by Order of the Court such Class Member's Claim is accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action, claim or other proceeding of any kind against any Defendants' Releasees with respect to any Released Plaintiff's Claim.  Provided that it is mailed by the claim-submission deadline, a Claim Form shall be deemed to be submitted when postmarked, if received with a postmark indicated on the envelope and if mailed by first-class mail and addressed in accordance with the instructions thereon.  In all other cases, the Claim Form shall be deemed to have been submitted on the date when actually received by the Claims Administrator;

(c)     Each Claim shall be submitted to and reviewed by the Claims Administrator, under the supervision of Co-Lead Counsel, who shall determine in accordance with this Stipulation and the plan of allocation the extent, if any, to which each Claim shall be allowed, subject to review by the Court pursuant to subparagraph (e) below as necessary;

(d)     Claims that do not meet the submission requirements may be rejected.  Prior to rejecting a Claim in whole or in part, the Claims Administrator shall communicate with the Claimant in writing, to give the Claimant the chance to remedy any curable deficiencies in the Claim submitted.  The Claims Administrator shall notify, in a timely fashion and in writing, all

Claimants whose Claim the Claims Administrator proposes to reject in whole or in part, setting forth the reasons therefor, and shall indicate in such notice that the Claimant whose Claim is to be rejected has the right to a review by the Court if the Claimant so desires and complies with the requirements of subparagraph (e) below; and

(e) If any Claimant whose Claim has been rejected in whole or in part desires to contest such rejection, the Claimant must, within twenty (20) days after the date of mailing of the notice required in subparagraph (d) above or a lesser time period if the Claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court. If a dispute concerning a Claim cannot be otherwise resolved, Co-Lead Counsel shall thereafter present the request for review to the Court.

26. Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the Claimant's Claim, and the Claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, *provided, however*, that such investigation and discovery shall be limited to that Claimant's status as a Class Member and the validity and amount of the Claimant's Claim. No discovery shall be allowed on the merits of this Action or of the Settlement in connection with the processing of Claims.

27. Co-Lead Counsel will apply to the Court, on notice to Defendants' Counsel, for a Class Distribution Order: (a) approving the Claims Administrator's administrative determinations concerning the acceptance and rejection of the Claims submitted; (b) approving payment of any unpaid Notice and Administration Costs; and (c) if the Effective Date has occurred, directing payment of the Net Settlement Fund to Authorized Claimants.

28.     Payment pursuant to the Class Distribution Order shall be final and conclusive against all Claimants.  All Class Members whose Claims are not approved by the Court for payment shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in this Action and the Releases provided for herein and therein, and will be permanently barred and enjoined from bringing any action against any and all Defendants' Releasees with respect to any and all of the Released Plaintiff's Claims.

29.     No person or entity shall have any claim against Lead Plaintiff, Plaintiff's Counsel, the Claims Administrator or any other agent designated by Co-Lead Counsel, or the Defendants' Releasees and/or their respective counsel, arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or any order of the Court.  Lead Plaintiff and Defendants, and their respective counsel, and Lead Plaintiff's damages expert and all other Releasees shall have no liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund, the plan of allocation, or the determination, administration, calculation, or payment of any claim or nonperformance of the Claims Administrator, the payment or withholding of taxes (including interest and penalties) owed by the Settlement Fund, or any losses incurred in connection therewith.

30.     All proceedings with respect to the administration, processing and determination of Claims and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of Claims, shall be subject to the jurisdiction of the Court. All Class Members, other Claimants, and parties to this Settlement expressly waive trial by jury (to the extent any such right may exist) and any right of appeal or review with respect to such determinations.

## TERMS OF THE JUDGMENT

31.     If the Settlement contemplated by this Stipulation is approved by the Court, Co-Lead Counsel and Defendants' Counsel shall request that the Court enter a Judgment, substantially in the form attached hereto as Exhibit B.

## CONDITIONS OF SETTLEMENT AND EFFECT OF
## DISAPPROVAL, CANCELLATION OR TERMINATION

32.     The Effective Date of the Settlement shall be deemed to occur on the occurrence or waiver of all of the following events:

        (a)     the Court has entered the Preliminary Approval Order, substantially in the form set forth in Exhibit A attached hereto, as required by ¶ 2 above;

        (b)     the Settlement Amount has been deposited with the Escrow Agent in accordance with the provisions of ¶ 7 above;

        (c)     Defendants have not exercised their option to terminate the Settlement pursuant to the provisions of this Stipulation;

        (d)     Lead Plaintiff has not exercised its option to terminate the Settlement pursuant to the provisions of this Stipulation; and

        (e)     the Court has approved the Settlement as described herein, following notice to the Class and a hearing, as prescribed by Rule 23 of the Federal Rules of Civil Procedure, and entered the Judgment and the Judgment has become Final.

33.     Upon the occurrence of all of the events referenced in ¶ 32 above, any and all remaining interest or right of Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished and the Releases herein shall be effective.

34.     If (i) Defendants exercise their right to terminate the Settlement as provided in this Stipulation; (ii) Lead Plaintiff exercises its right to terminate the Settlement as provided in this

Stipulation; (iii) the Court disapproves the Settlement; or (iv) the Effective Date as to the Settlement otherwise fails to occur, then:

(a)     The Settlement and the relevant portions of this Stipulation shall be canceled and terminated.

(b)     Lead Plaintiff and Defendants shall revert to their respective positions in the Action as of February 6, 2018.

(c)     The terms and provisions of this Stipulation, with the exception of this ¶ 34 and ¶¶ 13, 16, 38 and 59, shall have no further force and effect with respect to the Parties and shall not be used in the Action or in any other proceeding for any purpose, and any Judgment, or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, *nunc pro tunc*.

(d)     Within five (5) business days after joint written notification of termination is sent by Defendants' Counsel and Co-Lead Counsel to the Escrow Agent, the Settlement Fund (including accrued interest thereon and any funds received by Co-Lead Counsel consistent with ¶ 16 above), less any Notice and Administration Costs actually incurred, paid or payable and less any Taxes paid, due or owing shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct).  In the event that the funds received by Co-Lead Counsel consistent with ¶ 16 above have not been refunded to the Settlement Fund within the five (5) business days specified in this paragraph, those funds shall be refunded by the Escrow Agent to Defendants (or such other persons or entities as Defendants may direct) immediately upon their deposit with the Escrow Agent consistent with ¶ 16 above.

35.     It is further stipulated and agreed that Lead Plaintiff and Defendants shall each have the right to terminate the Settlement and this Stipulation, by providing written notice of their

election to do so ("Termination Notice") to the other Parties to this Stipulation within thirty (30) days of: (a) the Court's final refusal to enter the Preliminary Approval Order in any material respect; (b) the Court's final refusal to approve the Settlement or any material part thereof; (c) the Court's final refusal to enter the Judgment in any material respect as to the Settlement; or (d) the date upon which the Judgment is modified or reversed in any material respect by the United States Court of Appeals for the Second Circuit or the United States Supreme Court.  However, any decision or proceeding, whether in this Court or any appellate court, with respect to an application for attorneys' fees or payment of Litigation Expenses or with respect to any plan of allocation shall not be considered material to the Settlement, shall not affect the finality of any Judgment  and shall not be grounds for termination of the Settlement.

36.     In addition to the grounds set forth in ¶ 35 above, Lead Plaintiff shall have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 7 above, by providing written notice of the election to terminate to all other Parties.

37.     In addition to the grounds set forth in ¶ 35 above, if and only if the Court requires that Class Members be given a second opportunity to exclude themselves from the Class in connection with this Settlement, Defendants (provided Defendants unanimously agree amongst themselves) shall have the unilateral right to terminate the Settlement in the event that Class Members who timely and validly request exclusion from the Class meet the conditions set forth in Defendants' confidential supplemental agreement with Lead Plaintiff (the "Supplemental Agreement"), in accordance with the terms of that agreement.  The Supplemental Agreement, which is being executed concurrently herewith, shall not be filed with the Court and its terms shall not be disclosed in any other manner (other than the statements herein and in the Settlement Notice,

to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until the Court otherwise directs or a dispute arises between Lead Plaintiff and Defendants concerning its interpretation or application, in which event the Parties shall submit the Supplemental Agreement to the Court in camera and request that the Court afford it confidential treatment.

## NO ADMISSION OF WRONGDOING

38.     Neither this Stipulation (whether or not consummated), including all exhibits and appendices attached hereto and the Plan of Allocation contained therein (or any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of this Stipulation, nor any proceedings taken pursuant to or in connection with this Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

(a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff in the Action or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(b)     shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants'

31

Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation; or

shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if this Stipulation is approved by the Court, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

## MISCELLANEOUS PROVISIONS

39.     All of the exhibits attached hereto are hereby incorporated by reference as though fully set forth herein.  Notwithstanding the foregoing, in the event that there exists a conflict or inconsistency between the terms of this Stipulation and the terms of any exhibit attached hereto, the terms of the Stipulation shall prevail.

40.     If  a court of competent jurisdiction enters a final order determining the transfer of money to the Settlement Fund or any portion thereof by or on behalf of Defendants to be a preference, voidable transfer, fraudulent transfer or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiff, Lead Plaintiff and Defendants shall jointly move the Court to vacate and set aside the Releases given and the Judgment entered in favor of Defendants and the other Releasees pursuant to this Stipulation, in which event the releases and Judgment shall be null and void, and the Parties shall be restored to their respective positions in the litigation as

provided in ¶ 34 above and any cash amounts in the Settlement Fund (less any Taxes paid, due or owing with respect to the Settlement Fund and less any Notice and Administration Costs actually incurred, paid or payable) shall be returned as provided in ¶ 34 above.

41.     Lead Plaintiff, through Co-Lead Counsel, represents and warrants that none of its Released Plaintiff's Claims has been assigned, encumbered or in any manner transferred in whole or in part.

42.     The Parties intend this Stipulation and the Settlement to be a final and complete resolution of all disputes asserted or which could be asserted by Lead Plaintiff and any other Class Members against the Defendants' Releasees with respect to the Released Plaintiff's Claims. Accordingly, Lead Plaintiff and its counsel and Defendants and their counsel agree not to assert in any forum that this Action was brought by Lead Plaintiff or defended by Defendants in bad faith or without a reasonable basis.  No Party shall assert any claims of any violation of Rule 11 of the Federal Rules of Civil Procedure relating to the institution, prosecution, defense, or settlement of this Action.  The Parties agree that the amounts paid and the other terms of the Settlement were negotiated at arm's length and in good faith by the Parties, including through a mediation process supervised and conducted by the Mediator, and reflect the Settlement that was reached voluntarily after extensive negotiations and consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

43.     While retaining their right to deny that the claims asserted in the Action were meritorious, Defendants and their counsel, in any statement made to any media representative (whether or not for attribution) will not assert that the Action was commenced or prosecuted in bad faith, nor will they deny that the Action was commenced and prosecuted in good faith and is being settled voluntarily after consultation with competent legal counsel.  In all events, Lead

Plaintiff and its counsel and Defendants and their counsel shall not make any accusations of wrongful or actionable conduct by either Party concerning the prosecution, defense, and resolution of the Action, and shall not otherwise suggest that the Settlement constitutes an admission of any claim or defense alleged.

44.     The terms of the Settlement, as reflected in this Stipulation, may not be modified or amended, nor may any of its provisions be waived except by a writing signed on behalf of both Lead Plaintiff and Defendants (or their successors-in-interest).

45.     The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

46.     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses to Plaintiff's Counsel and enforcing the terms of this Stipulation, including the Plan of Allocation (or such other plan of allocation as may be approved by the Court) and the distribution of the Net Settlement Fund to Class Members.

47.     The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver of any other prior or subsequent breach of this Stipulation.

48.     This Stipulation and its exhibits and the Supplemental Agreement constitute the entire agreement among Lead Plaintiff and Defendants concerning the Settlement and this Stipulation and its exhibits.  All Parties acknowledge that no other agreements, representations, warranties, or inducements have been made by any Party hereto concerning this Stipulation, its exhibits or the Supplemental Agreement other than those contained and memorialized in such documents.

49.     This Stipulation may be executed in one or more counterparts, including by signature transmitted via facsimile, or by a .pdf/.tif image of the signature transmitted via email. All executed counterparts and each of them shall be deemed to be one and the same instrument.

50.     This Stipulation shall be binding upon and inure to the benefit of the successors and assigns of the Parties, including any and all Releasees and any corporation, partnership, or other entity into or with which any Party hereto may merge, consolidate or reorganize.

51.     The construction, interpretation, operation, effect and validity of this Stipulation, the Supplemental Agreement and all documents necessary to effectuate it shall be governed by the internal laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

52.     Any action arising under or to enforce this Stipulation or any portion thereof, shall be commenced and maintained only in the Court.

53.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations between the Parties and all Parties have contributed substantially and materially to the preparation of this Stipulation.

54.     All counsel and any other person executing this Stipulation and any of the exhibits hereto, or any related Settlement documents, warrant and represent that they have the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

55.     Co-Lead Counsel and Defendants' Counsel agree to cooperate fully with one another in seeking Court approval of the Preliminary Approval Order and the Settlement, as embodied in this Stipulation, and to use best efforts to promptly agree upon and execute all such

other documentation as may be reasonably required to obtain final approval by the Court of the Settlement.

56.     If any Party is required to give notice to another Party under this Stipulation, such notice shall be in writing and shall be deemed to have been duly given upon receipt of hand delivery or facsimile or email transmission, with confirmation of receipt.  Notice shall be provided as follows:

<div style="padding-left: 4em;">

If to Lead Plaintiff or Co-Lead Counsel:     Bernstein Litowitz Berger & Grossmann LLP
                                             Attn:  John C. Browne, Esq.
                                             1251 Avenue of the Americas
                                             New York, NY 10020
                                             Tel:  (212) 554-1400
                                             Fax:  (212) 554-1444
                                             Email:  johnb@blbglaw.com

                                             Labaton Sucharow LLP
                                             Attn:  Michael H. Rogers, Esq.
                                             140 Broadway
                                             New York, NY 10005
                                             Tel:  (212) 907-0700
                                             Fax:  (212) 818-0477
                                             Email:  mrogers@labaton.com

If to Defendants:                            Simpson Thacher & Bartlett LLP
                                             Attn:  Joseph M. McLaughlin, Esq.
                                             425 Lexington Avenue
                                             New York, NY 10017
                                             Tel: (212) 455-2000
                                             Fax: (212) 455-2502
                                             Email:  jmclaughlin@stblaw.com

</div>

57.     Except as otherwise provided herein, each Party shall bear its own costs.

58.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, or the Effective Date occurs, the Parties and their counsel shall use

their best efforts to keep all negotiations, discussions, acts performed, agreements, drafts, documents signed and proceedings in connection with the Stipulation confidential.

59.     All agreements made and orders entered during the course of this Action relating to the confidentiality of information shall survive this Settlement.

60.     No opinion or advice concerning the tax consequences of the proposed Settlement to individual Class Members is being given or will be given by the Parties or their counsel; nor is any representation or warranty in this regard made by virtue of this Stipulation.   Each Class Member's tax obligations, and the determination thereof, are the sole responsibility of the Class Member, and it is understood that the tax consequences may vary depending on the particular circumstances of each individual Class Member.

**IN WITNESS WHEREOF,** the Parties hereto have caused this Stipulation to be executed, by their duly authorized attorneys, as of May 18, 2018.

**BERNSTEIN LITOWITZ BERGER &**
**GROSSMANN LLP**

By: _____
    John C. Browne
    Jesse L. Jensen
1251 Avenue of the Americas
New York, NY 10020
Tel:  (212) 554-1400
Fax:  (212) 554-1444

*Co-Lead Counsel for Lead Plaintiff*
*and the Class*

**LABATON SUCHAROW LLP**

By: _Michael H. Rogers /with permission amz_

    Michael H. Rogers
    John J. Esmay
140 Broadway
New York, NY 10005
Tel: (212) 907-0700
Fax: (212) 818-0477

*Co-Lead Counsel for Lead Plaintiff
and the Class*

**SIMPSON THACHER & BARTLETT LLP**

By: _____

    Joseph M. McLaughlin
    George S. Wang
    Shannon K. McGovern
425 Lexington Avenue
New York, NY 10017
Tel: (212) 455-2000
Fax: (212) 455-2502

*Counsel for Defendants*

#1162321

38

**LABATON SUCHAROW LLP**

By: _____
    Michael H. Rogers
    John J. Esmay
140 Broadway
New York, NY 10005
Tel:  (212) 907-0700
Fax:  (212) 818-0477

*Co-Lead Counsel for Lead Plaintiff
and the Class*

**SIMPSON THACHER & BARTLETT LLP**

By: *Joseph M M McLaughlin/SKM*
    Joseph M. McLaughlin
    George S. Wang
    Shannon K. McGovern
425 Lexington Avenue
New York, NY 10017
Tel:  (212) 455-2000
Fax:  (212) 455-2502

*Counsel for Defendants*

#1162321

# EXHIBIT A

**Exhibit A**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VIRTUS INVESTMENT PARTNERS, INC. SECURITIES LITIGATION | Case No. 15-cv-1249 (WHP) |

## [PROPOSED] ORDER PRELIMINARILY APPROVING
## SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re Virtus Investment Partners, Inc. Securities Litigation,* Civil Action No. 15-cv-1249 (the "Action");

WHEREAS, by Order entered May 15, 2017, this Court certified the Action to proceed as a class action on behalf of all persons and entities that, during the period between January 25, 2013 and May 11, 2015, inclusive (the "Class Period"), purchased or otherwise acquired shares of the publicly traded common stock of Virtus Investment Partners, Inc. ("Virtus") and were damaged thereby (the "Class");

WHEREAS, by Order entered November 17, 2017, the Court amended the definition of the Class to exclude explicitly Defendants, their affiliates, and certain other persons and entities;[1] approved the proposed form and content of notices to be disseminated to the Class; and approved the proposed method for dissemination of these notices (the "Notice Order").

---

[1] Excluded from the Class by definition are: (i) Defendants; (ii) former Defendants; (iii) the affiliates, parents, and subsidiaries of Virtus and Virtus Opportunities Trust ("VOT"); (iv) the Officers and directors of Virtus, VOT, and the affiliates, parents, and subsidiaries of Virtus and VOT during the Class Period; (v) members of the Immediate Family of any excluded person; (vi) any entity in which any excluded person or entity has or had during the Class Period a controlling interest; and (vii) the legal representatives, heirs, successors, and assigns of any excluded person or entity.

WHEREAS, pursuant to the Notice Order, notice was disseminated to potential members of the Class to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (c) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion.

WHEREAS, (a) Lead Plaintiff Arkansas Teacher Retirement System, on behalf of itself and the Class, and (b) defendants Virtus, VOT, and George R. Aylward, Jeffrey T. Cerutti, and Francis G. Waltman (collectively, the "Individual Defendants," and together with Virtus and VOT, the "Defendants"; and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 18, 2018 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and approving notice of the Settlement to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

2

NOW THEREFORE, IT IS HEREBY ORDERED:

1.     **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class subject to further consideration at the Settlement Hearing to be conducted as described below.

2.     **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on _____, 2018 at __:__ __.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, in Courtroom 20B, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3.     The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4.     **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel are hereby authorized to retain Garden City Group, LLC (the "Claims Administrator" or

3

"GCG"), which was previously approved by the Court to administer the dissemination of the Class Notice, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below.  Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a)     not later than the "Notice Date," which shall be twenty (20) business days after the date of entry of this Order, the Claims Administrator shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to potential Class Members at the addresses set forth in the records provided or caused to be provided by Virtus, or who otherwise may be identified through further reasonable effort;

(b)     contemporaneously with the mailing of the Settlement Notice Packet, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be posted on the website for this Action, www.VirtusSecuritiesLitigation.com, from which copies of the Settlement Notice and Claim Form can be downloaded;

(c)     not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Wall Street Journal* and *Financial Times* and to be transmitted once over *PR Newswire*; and

(d)     not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5.     **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice,

4

attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlement (including the Releases to be provided thereunder), of Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

6. **Nominee Procedures** – In connection with the previously disseminated Class Notice, securities brokers and other nominees ("Nominees") were advised that, if they purchased or otherwise acquired Virtus common stock during the Class Period for the beneficial interest of persons or entities other than themselves, they must either: (a) within seven (7) calendar days of receipt of the Class Notice, request from GCG sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Class Notices

forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and addresses of all such beneficial owners to GCG.

(a)     For Nominees who chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), GCG shall forward the same number of Settlement Notice Packets to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

(b)     For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to GCG), GCG shall promptly mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee purchased or otherwise acquired Virtus common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to GCG, such Nominees need not take any further action;

(c)     For Nominees that purchased or otherwise acquired Virtus common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to GCG or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to GCG, such Nominees shall within seven (7) calendar days of receipt of the Settlement Notice, provide a list of the names and addresses of all such beneficial owners to GCG, or shall request from GCG sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from GCG, mail to the beneficial owners; and

(d)     Upon full and timely compliance with this Order, Nominees who mail the Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable

expenses actually incurred in complying with this Order by providing GCG with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7.     **CAFA Notice** – As provided in the Stipulation, Defendants shall provide the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Co-Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8.     **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted online or postmarked no later than fourteen (14) calendar days prior to the Settlement Hearing. Notwithstanding the foregoing, Co-Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

9.     Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions

of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10.     Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice.  Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11.     **<u>No Second Opportunity to Request Exclusion From the Class</u>** – In light of the extensive notice program undertaken in connection with class certification and the ample

opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion in accordance with Second Circuit precedent (*see, e.g.*, *Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006) and *Wal-Mart Stores, Inc.* v. *Visa U.S.A., Inc.*, 396 F.3d 96, 114-15 (2d Cir. 2005)) to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.

12.     **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 13 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct.  Any Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

13.     Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and payment of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & | Joseph M. McLaughlin, Esq. |
| Grossmann LLP | Simpson Thacher & Bartlett LLP |
| John C. Browne, Esq. | 425 Lexington Avenue |
| 1251 Avenue of the Americas, 44th Floor | New York, NY 10017 |
| New York, NY 10020 | |
| | |
| Michael H. Rogers, Esq. | |
| Labaton Sucharow LLP | |
| 140 Broadway | |
| New York, NY 10005 | |

14.     Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must state whether the objector is represented by counsel and, if so, the name, address and telephone number of the objector's counsel; (c) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (d) must include documents sufficient to prove membership in the Class, including documents showing the number of shares of Virtus common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the number of shares, dates, and prices for each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

15.     Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses and shall be forever

barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

16.     **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

17.     **Notice and Administration Costs** – Co-Lead Counsel may, on behalf of themselves and the Claims Administrator, apply to the Court for reimbursement from the Settlement Fund to pay Notice and Administration Costs actually and reasonably incurred.

18.     **Settlement Fund** – Pursuant to the terms of the Stipulation, Defendants shall pay or cause to be paid $22,000,000.00 in cash (the Settlement Amount) into an interest-bearing escrow account maintained by the Court Registry Investment System maintained for the United States District Court for the Southern District of New York (the "Escrow Agent").   The Settlement Amount, plus any and all interest earned thereon, shall constitute the Settlement Fund and will be subject to the terms of the Stipulation.  Any interest earned on the money held in the Settlement Fund shall be credited by the Escrow Agent to the Settlement Fund.  In accordance with 28 U.S.C. §1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk of the Court is directed, without further order of this Court, to deduct from the income earned on the money in the Settlement Fund a fee equal to the lesser of

(i) 10% of the income earned on the money in the Settlement Fund or (ii) the fee authorized by the Judicial Conference of the United States as currently set by the Director of the Administrative Office.  The Clerk of the Court shall provide to Co-Lead Counsel the monthly statements of interest earned by the Settlement Fund.

19.     The contents of the Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20.     **Taxes** – Co-Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof in a manner consistent with the provisions of the Stipulation.  To the extent that Taxes are incurred or owed by the Settlement Fund, Co-Lead Counsel shall apply to the Court for the disbursal of sufficient funds to pay these Taxes, which may include any fees incurred in connection with the preparation and filing of any tax returns or other required filings.

21.     **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 6, 2018, as provided in the Stipulation.

22.     **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or

any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):  (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff in the Action or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of Defendants' Releasees or Plaintiff's Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the

Stipulation is approved by the Court, the Parties, Defendants' Releasees, Plaintiff's Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23.     **<u>Supporting Papers</u>** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24.     The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this _____ day of _____, 2018.


_____
        The Honorable William H. Pauley III
        United States District Judge

#1173532

14

# EXHIBIT A-1

Exhibit A-1

### UNITED STATES DISTRICT COURT
### SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VIRTUS INVESTMENT PARTNERS, INC. SECURITIES LITIGATION | Case No. 15-cv-1249 (WHP) |

### NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES

**TO:** **All persons and entities that, during the period between January 25, 2013 and May 11, 2015, inclusive (the "Class Period"), purchased or otherwise acquired shares of the publicly traded common stock of Virtus Investment Partners, Inc. ("Virtus") and were damaged thereby (the "Class")[1].**

*This Notice contains important deadlines that may affect your rights.*
*A Federal Court authorized this Notice. This is not a solicitation from a lawyer.*

**ATTENTION:** If you *only* ever acquired Virtus common stock *before* January 25, 2013—including in 2009 in connection with the spin-off transaction by the Phoenix Companies, Inc. that created Virtus—you can ignore this Notice. You are not a Class Member.

- Court-appointed representative for the Court-certified Class (as defined in ¶ 24 below), Arkansas Teacher Retirement System ("Class Representative" or "Lead Plaintiff"), on behalf of itself and the Class, has reached a proposed settlement of the above-captioned securities class action lawsuit ("Action") for $22,000,000 in cash that, if approved, will resolve all claims in the Action (the "Settlement").

- The Settlement, if approved by the Court, will: resolve claims in the Action that Virtus's investors were allegedly misled about, among other things, the April 1, 2001 "inception date" for the indices which Virtus's AlphaSector funds sought to track, and that, since that time, the performance of the AlphaSector indices had been achieved through live trading with real client assets; provide a cash payment to Class Members who timely submit valid claims that are entitled to a payment; and release Defendants and related persons and entities from liability. The terms and provisions of the Settlement are contained in the Stipulation.

- This Notice explains important rights you may have, including your possible receipt of cash. **If you are a Class Member, your legal rights will be affected whether or not you act. Please read this Notice carefully.**

- The Court in charge of the Action still has to decide whether to approve the Settlement.

---

[1] Any capitalized terms used in this notice that are not otherwise defined shall have the meanings given to them in the Stipulation and Agreement of Settlement dated May 18, 2018 (the "Stipulation"), which can be viewed at www.virtussecuritieslitigation.com.

1.   **Description of the Action and the Class:**  This notice relates to a proposed Settlement of claims in a pending securities class action brought by investors alleging, among other things, that defendants Virtus, Virtus Opportunities Trust ("VOT"), and George R. Aylward, Jeffrey T. Cerutti, and Francis G. Waltman (collectively, the "Individual Defendants," and, together with Virtus and VOT, the "Defendants") violated the federal securities laws by making false and misleading statements regarding certain mutual funds issued by VOT. A more detailed description of the Action is set forth in ¶¶ 11-23 below. If the Court approves the proposed Settlement, the Action will be dismissed with prejudice and members of the Class (defined in ¶ 24 below) will settle and release all Released Plaintiff's Claims (defined in ¶ 30 below) against the Defendants' Releasees (defined in ¶ 31 below).

2.   **Statement of the Class's Recovery:** Subject to Court approval, Class Representative, on behalf of itself and the Class, has agreed to settle the Action in exchange for a settlement payment of $22,000,000 in cash (the "Settlement Amount"). The Net Settlement Fund (*i.e.*, the Settlement Amount plus any and all interest earned thereon (the "Settlement Fund") less (i) any Taxes; (ii) any and all Notice and Administration Costs; (iii) any attorneys' fees awarded by the Court; (iv) any Litigation Expenses awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed in accordance with a plan of allocation that is approved by the Court, which will determine how the Net Settlement Fund shall be allocated among members of the Class. The proposed plan of allocation (the "Plan of Allocation") is set forth in ¶¶ 39-66 below.

3.   **Estimate of Average Amount of Recovery Per Share:** Based on Class Representative's damages expert's estimates of the number of shares of publicly traded Virtus common stock purchased during the Class Period that may have been affected by the conduct alleged in the Action and assuming that all Class Members elect to participate in the Settlement, the estimated average recovery (before the deduction of any Court-approved fees, expenses and costs as described below) per eligible share is $2.36. Class Members should note, however, that the foregoing average recovery per share is only an estimate. Some Class Members may recover more or less than this estimated amount depending on, among other factors, the price at which they purchased shares of Virtus common stock, whether they sold their shares of Virtus common stock, and the total number and value of valid Claim Forms submitted. Distributions to Class Members will be made based on the Plan of Allocation set forth below (*see* pages __-__ below) or such other plan of allocation as may be ordered by the Court.

4.   **Average Amount of Damages Per Share:** The Parties do not agree on the average amount of damages per share that would be recoverable if Class Representative were to prevail in the Action. Among other things, Defendants do not agree with the assertion that they violated the federal securities laws or that any damages were suffered by any members of the Class as a result of their conduct.

5.   **Attorneys' Fees and Expenses Sought:** Class Counsel, which have been prosecuting the Action on a wholly contingent basis since its inception in 2015, have not received any payment of attorneys' fees for their representation of the Class and have advanced the funds to pay expenses necessarily incurred to prosecute this Action. Court-appointed Class Counsel – Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP – will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. In addition, Class Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $1,200,000, which amount may include an application for reimbursement of the reasonable costs and expenses incurred by Class Representative directly related to its representation of the Class. Any fees and expenses awarded by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses. Estimates of the average cost per affected share of publicly traded Virtus common stock, if the Court approves Class Counsel's fee and expense application, is $0.72 per share. **Please note that this amount is only an estimate.**

6.   **Identification of Attorneys' Representatives and Further Information:** Class Representative and the Class are represented by John C. Browne, Esq. of Bernstein Litowitz Berger & Grossmann LLP, 1251 Avenue of the Americas, 44th Floor, New York, NY 10020, 1-800-380-8496, blbg@blbglaw.com, and Michael H.

Rogers, Esq. of Labaton Sucharow LLP, 140 Broadway, New York, NY 10005, 1-888-219-6877, settlementquestions@labaton.com. Further information regarding the Action, the Settlement, and this notice may be obtained by contacting Class Counsel, or the Court-appointed Claims Administrator at: *In re Virtus Investment Partners, Inc. Securities Litigation*, c/o GCG, P.O. Box 10489, Dublin, Ohio 43017-4089, 1-866-680-8403, info@virtussecuritieslitigation.com, www.virtussecuritieslitigation.com.

7.   **Reasons for the Settlement:** Class Representative's principal reason for entering into the Settlement is the substantial immediate cash benefit for the Class without the risk or the delays inherent in further litigation. Moreover, the substantial cash benefit provided under the Settlement must be considered against the significant risk that a smaller recovery – or indeed no recovery at all – might be achieved after further contested motions, a trial of the Action, and the likely appeals that would follow a trial. This process could last several additional years. Defendants, who deny all allegations of wrongdoing or liability whatsoever, are entering into the Settlement to eliminate the uncertainty, burden and expense of further protracted litigation.

| YOUR LEGAL RIGHTS AND OPTIONS IN THE SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM ONLINE OR POSTMARKED NO LATER THAN _____, 2018.** | This is the only way to be eligible to receive a payment from the Net Settlement Fund. If you are a Class Member, you will be bound by the Settlement as approved by the Court and you will give up any and all Released Plaintiff's Claims (defined in ¶ 30 below) that you have against Defendants and the other Defendants' Releasees (defined in ¶ 31 below), so it is in your interest to submit a Claim Form. |
| **OBJECT TO THE SETTLEMENT BY SUBMITTING A WRITTEN OBJECTION SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | If you do not like the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and payment of Litigation Expenses, you may write to the Court and explain why you do not like them. You cannot object to the Settlement, the Plan of Allocation, or the fee and expense request unless you are a Class Member. |
| **GO TO A HEARING ON _____, 2018 AT \_\_:\_\_ \_\_.M., AND FILE A NOTICE OF INTENTION TO APPEAR SO THAT IT IS *RECEIVED* NO LATER THAN _____, 2018.** | Filing a written objection and notice of intention to appear by _____, 2018 allows you to speak in Court, at the discretion of the Court, about the fairness of the proposed Settlement, the proposed Plan of Allocation, and/or the request for attorneys' fees and payment of Litigation Expenses. If you submit a written objection, you may (but you do not have to) attend the hearing and, at the discretion of the Court, speak to the Court about your objection. |
| **DO NOTHING.** | If you are a member of the Class and you do not submit a valid Claim Form, you will not be eligible to receive any payment from the Settlement Fund. You will, however, remain a member of the Class, which means that you give up your right to sue about the claims that are resolved by the Settlement and you will be bound by any judgments or orders entered by the Court in the Action. |

**The rights and options set forth above -- and the deadlines to exercise them -- are explained in this notice.**

| WHAT THIS NOTICE CONTAINS | |
|---|---|
| Why Did I Get This Notice? | Page __ |
| What Is This Case About? | Page __ |
| How Do I Know If I Am Affected By The Settlement?  Who Is Included In The Class? | Page __ |
| What Are Class Representative's Reasons For The Settlement? | Page __ |
| What Might Happen If There Were No Settlement? | Page __ |
| How Are Class Members Affected By The Settlement? | Page __ |
| How Do I Participate In The Settlement?  What Do I Need To Do? | Page __ |
| How Much Will My Payment Be?  What Is The Proposed Plan of Allocation? | Page __ |
| What Payments Are The Attorneys For The Class Seeking? How Will The Lawyers Be Paid? | Page __ |
| When And Where Will The Court Decide Whether To Approve The Settlement? Do I Have To Come To The Hearing?  May I Speak At The Hearing If I Don't Like The Settlement? | Page __ |
| What If I Bought Virtus Shares On Someone Else's Behalf? | Page __ |
| Can I See The Court File?  Whom Should I Contact If I Have Questions? | Page __ |

| WHY DID I GET THIS NOTICE? |
|---|

8.     The Court directed that this notice be mailed to you because you or someone in your family or an investment account for which you serve as a custodian may have purchased or otherwise acquired Virtus common stock during the Class Period. The Court has directed us to send you this notice because, as a potential Class Member, you have a right to know about your options before the Court rules on the proposed Settlement. Additionally, you have the right to understand how this class action lawsuit and the Settlement will affect your legal rights. If the Court approves the Settlement, and the Plan of Allocation (or some other plan of allocation), the claims administrator selected by Class Representative and approved by the Court will make payments pursuant to the Settlement after any objections and/or appeals are resolved.

9.     The purpose of this notice is to inform you of the terms of the proposed Settlement, and of a hearing to be held by the Court to consider the fairness, reasonableness, and adequacy of the Settlement, the proposed Plan of Allocation, and the motion by Class Counsel for an award of attorneys' fees and payment of Litigation Expenses (the "Settlement Hearing"). *See* ¶¶ 69-70 below for details about the Settlement Hearing, including the date and location of the hearing.

10.     The issuance of this notice is not an expression of any opinion by the Court concerning the merits of any claim in the Action, and the Court still has to decide whether to approve the Settlement. If the Court approves the Settlement and a plan of allocation, then payments to Authorized Claimants will be made after any appeals are resolved and after the completion of all claims processing. Please be patient, as this process can take some time to complete.

| WHAT IS THIS CASE ABOUT? |
|---|

11.     This case arises out of allegations that Defendants violated Sections 10(b) and 20(a) of the Securities Exchange Act of 1934.  Among other things, the Action alleges that, during the Class Period (*i.e.*, between January 25, 2013 and May 11, 2015, inclusive), Defendants told investors that the indices which Virtus's AlphaSector funds sought to track had an "inception date" of April 1, 2001, and that the performance of the AlphaSector indices had been achieved through live trading with real client assets since that time, when in fact Defendants knew or were reckless in not knowing that the AlphaSector indices did not come into existence until 2008. Further, in a January 2013 conference call, Virtus CEO (and Defendant) Aylward told investors that "[o]ur portfolio managers continued to deliver strong relative investment performance, and this performance has been a key driver

of our high level sales and net flows," which allegedly omitted that a portion of that performance was attributable to Defendants' misleading statements concerning the AlphaSector indices.  Defendants deny that these statements were made by Defendants, were false and misleading, or otherwise give rise to liability.

12.    The Action was commenced in February 2015. On June 9, 2015, the Court issued an Order appointing the Arkansas Teacher Retirement System ("ATRS") as "Lead Plaintiff" pursuant to the Private Securities Litigation Reform Act of 1995. In the same Order, the Court approved Lead Plaintiff's selection of Bernstein Litowitz Berger & Grossmann LLP and Labaton Sucharow LLP as "Co-Lead Counsel" for the Class, and consolidated all related actions.

13.    The operative complaint in the Action, the Consolidated Class Action Complaint (the "Complaint"), was filed on August 21, 2015. On October 21, 2015, Defendants filed and served their motion to dismiss the Complaint. On November 20, 2015, Lead Plaintiff filed and served its memorandum of law in opposition to the motion to dismiss and, on December 4, 2015, Defendants filed and served their reply papers. Oral argument on Defendants' motion to dismiss was held on December 17, 2015, and on July 1, 2016, the Court entered its Memorandum and Order largely denying Defendants' motion to dismiss and sustaining Lead Plaintiff's claims relating to the allegations described in ¶ 11 above.

14.    Discovery in the Action commenced promptly after the Court denied Defendants' motion to dismiss on July 1, 2016, and continued until August 15, 2017. In connection with discovery, over 900,000 documents— constituting over five million pages—were produced, including over 600,000 documents from Defendants. In addition, over twenty depositions were taken, including fifteen fact witnesses. Multiple expert reports and rebuttal reports were also exchanged.

15.    On November 7, 2016, Lead Plaintiff filed a motion for class certification. Following briefing on the motion and oral argument, on May 15, 2017, the Court issued an Order granting the class certification motion, certifying the Class as defined in ¶ 24 below, appointing ATRS as "Class Representative," and appointing Co-Lead Counsel as "Class Counsel."

16.    On November 17, 2017, the Court granted Class Representative's unopposed motion, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for approval of notice of pendency of the Action and entered an Order approving the form, content, and method of notice to the Class (the "Notice Order"). Among other things, the Notice Order found that the form, content, and method of notice of pendency of the Action met the requirements of Rule 23 and due process, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled to receive notice.

17.    On December 21, 2017, Class Counsel and Defendants' Counsel participated in a full-day mediation session before Jed D. Melnick, Esq. of JAMS (the "Mediator"). In advance of that session, the Parties provided detailed mediation statements and exhibits to the Mediator, which addressed the issues of both liability and damages.  The session ended without any agreement being reached.

18.    Beginning on January 22, 2018, the Class Notice was mailed to potential Class Members, and on February 1, 2018, the Summary Notice of Pendency of Class Action was published in the *Wall Street Journal* and *Financial Times* and transmitted over the *PR Newswire.*

19.    The Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth the deadline and procedures for doing so. The Class Notice stated that it would be within the Court's discretion whether to permit a second opportunity to request exclusion if there is a settlement. The Class Notice informed Class Members that if they chose to remain a member of the Class, they

would "be bound by all past, present and future orders and judgments in the Action, whether favorable or unfavorable." The deadline for requesting exclusion from the Class was March 23, 2018.[2]

20.   On October 6, 2017, Defendants moved for summary judgment. Class Representative filed its opposition papers on December 4, 2017, and, on December 22, 2017, Defendants filed their reply papers. Oral argument on Defendants' motion for summary judgment was held on January 18, 2018.

21.   Trial of the Action was scheduled by the Court to begin on March 19, 2018.

22.   On February 6, 2018, following extensive arm's-length negotiations, as well as additional efforts by the Mediator, the Parties reached an agreement in principle to settle the Action for $22,000,000. On May 18, 2018, the Parties entered into the Stipulation, which sets forth the terms and conditions of the Settlement. The Stipulation can be viewed at www.virtussecuritieslitigation.com.

23.   On _____, 2018, the Court preliminarily approved the Settlement, authorized this notice to be disseminated to potential Class Members, and scheduled the Settlement Hearing to consider whether to grant final approval of the Settlement.

| HOW DO I KNOW IF I AM AFFECTED BY THE SETTLEMENT? WHO IS INCLUDED IN THE CLASS? |
| --- |

24.   If you are a member of the Class, and not excluded as explained below, you are subject to the Settlement. The Class certified by Order of the Court consists of:

> all persons and entities that, during the period between January 25, 2013 and May 11, 2015, inclusive (the "Class Period"), purchased or otherwise acquired shares of the publicly traded common stock of Virtus Investment Partners, Inc. and were damaged thereby.

By Order dated November 17, 2017, excluded from the Class by definition are:  (a) Defendants; (b) former Defendants; (c) the affiliates, parents, and subsidiaries of Virtus and VOT; (d) the officers and directors of Virtus, VOT, and the affiliates, parents, and subsidiaries of Virtus and VOT during the Class Period; (e) members of the immediate family of any excluded person; (f) any entity in which any excluded person or entity has or had during the Class Period a controlling interest; (g) the legal representatives, heirs, successors, and assigns of any excluded person or entity; and (h) persons and entities that timely and validly requested exclusion in the connection with the Class Notice, if any.

**PLEASE NOTE:  RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE PROCEEDS FROM THE SETTLEMENT. ALSO, IF YOU *ONLY* EVER ACQUIRED VIRTUS COMMON STOCK *BEFORE* JANUARY 25, 2013—INCLUDING IN 2009 IN CONNECTION WITH THE SPIN-OFF TRANSACTION BY THE PHOENIX COMPANIES, INC. THAT CREATED VIRTUS—YOU ARE NOT A CLASS MEMBER.**

**IF YOU ARE A CLASS MEMBER AND YOU WISH TO BE ELIGIBLE TO PARTICIPATE IN THE DISTRIBUTION OF PROCEEDS FROM THE SETTLEMENT, YOU ARE REQUIRED TO SUBMIT THE CLAIM FORM THAT IS BEING DISTRIBUTED WITH THIS NOTICE AND THE REQUIRED SUPPORTING DOCUMENTATION NO LATER THAN _____, 2018.**

---

[2] Pursuant to its Order Preliminarily Approving Settlement and Providing for Notice ("Preliminary Approval Order") dated _____, 2018, there is no second opportunity for seeking exclusion from the Class in connection with the Settlement.

## WHAT ARE CLASS REPRESENTATIVE'S REASONS FOR THE SETTLEMENT?

25.   The Class Representative and Class Counsel believe that the claims asserted against Defendants have merit. They recognize, however, the expense and length of continued proceedings necessary to pursue their claims against Defendants through trial and appeals, as well as the very substantial risks they would face in establishing liability at trial. For example, in addition to credible arguments concerning liability and scienter, Defendants forcefully argued in their motion for summary judgment that Class Representative cannot establish that Defendants' alleged false and misleading statements and omissions caused any investor losses. Specifically, Defendants argued that the drops in the price of Virtus common stock that Class Representative asserted were caused by Defendants' alleged fraud did not relate to the disclosure of any new information corrective of—or the materialization of any risks concealed by—Defendants' alleged false statements and omissions. At the time that the parties agreed in principle to settle the Action, the Court had not yet decided Defendants' motion for summary judgment, and while Class Representative believes it had compelling arguments in response, Class Representative acknowledges that a serious risk exists that Defendants' arguments would persuade the court to reduce dramatically, or even eliminate altogether, the damages that it could recover from Defendants. What's more, even if Class Representative successfully defeated Defendants' motion, Defendants would in all likelihood make the same arguments to a jury should this case proceed to trial.

26.   In light of these risks, the amount of the Settlement, and the immediacy of recovery to the Class, Class Representative and Class Counsel believe that the proposed Settlement is fair, reasonable, and adequate, and in the best interests of the Class. Class Representative and Class Counsel believe that the Settlement provides a substantial benefit to the Class, namely $22,000,000 in cash (less the various deductions described in this notice), as compared to the risk that the claims in the Action would produce a smaller, or zero, recovery after trial and appeals, possibly years in the future.

27.   Defendants have denied all claims asserted against them in the Action and deny having engaged in any wrongdoing or violation of law of any kind whatsoever. Defendants have agreed to the Settlement solely to eliminate the distraction, burden and expense of continued litigation. Accordingly, the Settlement may not be construed as an admission of any wrongdoing by Defendants.

## WHAT MIGHT HAPPEN IF THERE WERE NO SETTLEMENT?

28.   If there were no Settlement and Class Representative failed to establish any essential legal or factual element of its claims against Defendants, neither Class Representative nor the other members of the Class would recover anything from Defendants. Also, if Defendants were successful in proving any of their defenses at trial or on appeal, the Class could recover less than the amount provided in the Settlement, or nothing at all.

## HOW ARE CLASS MEMBERS AFFECTED BY THE SETTLEMENT?

29.   If you are a Class Member, you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment (the "Judgment"). The Judgment will dismiss with prejudice the claims against Defendants and will provide that, upon the Effective Date of the Settlement, Class Representative and each of the other Class Members, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (as defined in ¶ 30 below) against Defendants and the other Defendants' Releasees (as defined in ¶ 31 below), and will forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

30.   "Released Plaintiff's Claims" means all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, or foreign law, common law, statute, rule or regulation,

7

whether individual or class in nature, that Lead Plaintiff or any other member of the Class: (i) asserted in the Complaint; or (ii) could have asserted in this Action or in any other forum, including without limitation any claims relating to alleged fraud, breach of any duty, negligence, violations of the federal securities laws, or otherwise, and including all claims within the exclusive jurisdiction of the federal courts, which Lead Plaintiff or any other Class Member ever had or now has, that arise out of, are based upon, or relate to the allegations, transactions, facts, matters or occurrences, representations or omissions involved, set forth, or referred to in the Complaint and that relate to the purchase or other acquisition of Virtus publicly traded common stock during the Class Period. Released Plaintiff's Claims do not include any claims relating to the enforcement of the Settlement. Also, for the avoidance of doubt, Released Plaintiff's Claims do not include: (i) any claims of any person or entity that submitted a request for exclusion from the Class in connection with the Class Notice and whose request is accepted by the Court; or (ii) if and only if the Court requires a second opportunity for Class Members to request exclusion from the Class, any claims of any person or entity that submits a request for exclusion from the Class in connection with the Settlement Notice and whose request is accepted by the Court.

31.     "Defendants' Releasees" means Defendants and their respective current and former parent entities, business units, business divisions, affiliates or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their successors, predecessors, assigns, and assignees, and any of the Individual Defendants' Immediate Family members.

32.     "Unknown Claims" means any Released Plaintiff's Claims which Lead Plaintiff or any other Class Member does not know or suspect to exist in his, her or its favor at the time of the release of such claims, and any Released Defendants' Claims which any Defendant does not know or suspect to exist in his or its favor at the time of the release of such claims, which, if known by him, her or it, might have affected his, her or its decision(s) with respect to this Settlement. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date of the Settlement, Lead Plaintiff and Defendants shall expressly waive, and each of the other Class Members shall be deemed to have waived, and by operation of the Judgment  shall have expressly waived, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States, or principle of common law or foreign law, which is similar, comparable, or equivalent to California Civil Code §1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

Lead Plaintiff and Defendants acknowledge, and each of the other Class Members shall be deemed by operation of law to have acknowledged, that the foregoing waiver was separately bargained for and a key element of the Settlement.

33.     The Judgment will also provide that, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, will have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim (as defined in ¶ 34 below) against Class Representative and the other Plaintiff's Releasees (as defined in ¶ 35 below), and will forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

34.     "Released Defendants' Claims" means all claims, demands, losses, rights, causes of action, liabilities, obligations, judgments, suits, matters, and issues of any kind or nature whatsoever, whether known claims or Unknown Claims, whether arising under federal, state, or foreign law, common law, statute, rule or regulation, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims asserted in the Action

against Defendants. Released Defendants' Claims do not include any claims relating to the enforcement of the Settlement. Also, for the avoidance of doubt, Released Defendants' Claims do not include: (i) any claims against any person or entity that submitted a request for exclusion from the Class in connection with the Class Notice and whose request is accepted by the Court; or (ii) if and only if the Court requires a second opportunity for Class Members to request exclusion from the Class, any claims against any person or entity that submits a request for exclusion from the Class in connection with the Settlement Notice and whose request is accepted by the Court.

35.   "Plaintiff's Releasees" means Lead Plaintiff and all other Class Members, and their respective current and former parent entities, business units, business divisions, affiliates or subsidiaries and each and all of their current and former officers, directors, attorneys, employees, agents, trustees, parents, affiliates, subsidiaries, attorneys, financial or investment advisors, consultants, accountants, investment bankers, commercial bankers, insurers, engineers, advisors, heirs, executors, trustees, general or limited partners or partnerships, personal representatives, estates, administrators, and each of their successors, predecessors, assigns, and assignees.

| HOW DO I PARTICIPATE IN THE SETTLEMENT?  WHAT DO I NEED TO DO? |
| --- |

36.   To be eligible for a payment from the proceeds of the Settlement, you must be a member of the Class and you must timely complete and return the Claim Form with adequate supporting documentation **postmarked or submitted online using the case website no later than _____, 2018**. A Claim Form is included with this notice, or you may obtain one from the website maintained by the Claims Administrator for the Settlement, www.virtussecuritieslitigation.com, or you may request that a Claim Form be mailed to you by calling the Claims Administrator toll free at 1-866-680-8403 or by emailing the Claims Administrator at info@virtussecuritieslitigation.com. Please retain all records of your ownership of and transactions in Virtus common stock, as they may be needed to document your Claim.  If you do not submit a timely and valid Claim Form, you will not be eligible to share in the Net Settlement Fund.

37.   Participants in and beneficiaries of any employee retirement and/or benefit plan ("Employee Plan") should NOT include any information relating to shares of Virtus common stock purchased/acquired through an Employee Plan in any Claim Form they submit in this Action. They should include ONLY those shares of Virtus common stock purchased/acquired during the Class Period outside of an Employee Plan.  Claims based on any Employee Plan(s)' purchases/acquisitions of eligible Virtus common stock during the Class Period may be made by the Employee Plan(s)' trustees. To the extent any of the Defendants or any of the other persons or entities excluded from the Class are participants in an Employee Plan(s), such persons or entities shall not receive, either directly or indirectly, any portion of the recovery that may be obtained from the Settlement by such Employee Plan(s).

38.   Unless the Court otherwise orders, any Class Member who fails to submit a Claim Form online or postmarked on or before _____, 2018 shall be fully and forever barred from receiving payments pursuant to the Settlement but will in all other respects remain a Class Member and be subject to the provisions of the Stipulation, including the terms of any Judgment entered and the releases given. This means that each Class Member releases the Released Plaintiff's Claims (as defined in ¶ 30 above) against the Defendants' Releasees (as defined in ¶ 31 above) and will be barred and enjoined from filing, prosecuting, or pursuing any of the Released Plaintiff's Claims against any of the Defendants' Releasees whether or not such Class Member submits a Claim Form.

| HOW MUCH WILL MY PAYMENT BE?  WHAT IS THE PROPOSED PLAN OF ALLOCATION? |
| --- |

39.   At this time, it is not possible to make any determination as to how much any individual Class Member may receive from the Settlement.

40.   Pursuant to the Settlement, Defendants have paid $22,000,000 in cash. The Settlement Amount has been deposited into an escrow account.  The Settlement Amount plus any interest earned thereon is referred to as the "Settlement Fund." If the Settlement is approved by the Court and the Effective Date occurs, the "Net Settlement Fund" (that is, the Settlement Fund less (i) any Taxes, (ii) any and all Notice and Administration Costs, (iii) any

attorneys' fees awarded by the Court; (iv) any Litigation Expenses awarded by the Court; and (v) any other costs or fees approved by the Court) will be distributed to Class Members who submit valid Claim Forms, in accordance with the proposed Plan of Allocation or such other plan of allocation as the Court may approve. The Court may revise the plan of allocation without notifying the Class. Any modified plan of allocation will be posted on the website for the Action, www.virtussecuritieslitigation.com.

41.   The Net Settlement Fund will not be distributed unless and until the Court has approved the Settlement and a plan of allocation, and the time for any petition for rehearing, appeal, or review, whether by certiorari or otherwise, has expired.

42.   Neither Defendants nor any other person or entity that paid any portion of the Settlement Amount on their behalf are entitled to get back any portion of the Settlement Fund once the Court's order or judgment approving the Settlement becomes Final. Defendants shall not have any liability, obligation, or responsibility for the administration of the Settlement, the disbursement of the Net Settlement Fund, or the plan of allocation.

43.   Approval of the Settlement is independent from approval of a plan of allocation. Any determination with respect to a plan of allocation will not affect the Settlement, if approved.

44.   The Court has reserved jurisdiction to allow, disallow, or adjust on equitable grounds the Claim of any Class Member.

45.   Each Claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her, or its Claim Form.

46.   Only Class Members or persons authorized to submit a Claim on their behalf will be eligible to share in the distribution of the Net Settlement Fund. Persons and entities that are excluded from the Class by definition or that previously excluded themselves from the Class pursuant to request in connection with the Class Notice will not be eligible to receive a distribution from the Net Settlement Fund and should not submit Claim Forms.

## PROPOSED PLAN OF ALLOCATION

47.   The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund to those Class Members who suffered economic losses as a proximate result of the alleged wrongdoing. The calculations made pursuant to the Plan of Allocation are not intended to be estimates of, nor indicative of, the amounts that Class Members might have been able to recover after a trial. Nor are the calculations pursuant to the Plan of Allocation intended to be estimates of the amounts that will be paid to Authorized Claimants pursuant to the Settlement. The computations under the Plan of Allocation are only a method to weigh the claims of Authorized Claimants against one another for the purposes of making *pro rata* allocations of the Net Settlement Fund.

48.   In developing the Plan of Allocation, Class Representative's damages expert calculated the estimated amount of artificial inflation in the per share closing price of Virtus common stock which allegedly was proximately caused by Defendants' alleged false and misleading statements and material omissions. In calculating the estimated artificial inflation allegedly caused by Defendants' alleged misrepresentations and omissions, Class Representative's damages expert considered price changes in Virtus common stock in reaction to certain public announcements allegedly revealing the truth concerning Defendants' alleged misrepresentations and material omissions, adjusting for price changes that were attributable to market or industry forces. The estimated artificial inflation in Virtus common stock is stated in Tables A-1 and A-2 at the end of this Notice.

49.   For losses to be compensable damages under the federal securities laws, the disclosure of the allegedly misrepresented information must be, among other things, the cause of the decline in the price or value of the security. In this case, Class Representative alleges that Defendants made false statements and omitted material facts during the period between January 25, 2013 and May 11, 2015, inclusive, which had the effect of artificially inflating the price of Virtus common stock. Class Representative further alleges that corrective information was

released to the market on:  September 3, 2014 (at 2:14 p.m. New York time),[3] September 17, 2014 (after the close of trading), November 14, 2014 (at 10:40 a.m. New York time),[4] April 14, 2015 (prior to the opening of trading), and May 11, 2015 (prior to the opening of trading), which partially removed the artificial inflation from the price of Virtus common stock on:  September 3-5, 2014, September 18, 2014, November 14-17, 2014, April 14, 2015, and May 11, 2015.

50.    Recognized Loss Amounts are based primarily on the difference in the amount of alleged artificial inflation in the price of Virtus common stock at the time of purchase or acquisition and at the time of sale or the difference between the actual purchase price and sale price. Accordingly, in order to have a Recognized Loss Amount under the Plan of Allocation,: (i) shares of Virtus common stock purchased/acquired prior to the first partial corrective disclosure on September 3, 2014 at 2:14 p.m. New York time must have been held through at least 2:14 p.m. New York time on September 3, 2014; (ii) shares of Virtus common stock purchased/acquired at or after 2:14 p.m. New York time on September 3, 2014 must have been held through at the close of trading on September 4, 2014; and (iii) shares of Virtus common stock purchased/acquired on or after September 5, 2014 must have been held through at least one of the later dates where new corrective information was released to the market and partially removed the artificial inflation from the price of Virtus common stock.

## CALCULATION OF RECOGNIZED LOSS AMOUNTS

51.    Based on the formula stated in ¶ 52 below, a "Recognized Loss Amount" will be calculated for each purchase or acquisition of Virtus common stock during the Class Period (*i.e.*, from January 25, 2013 through and including the close of trading on May 11, 2015, inclusive), that is listed on the Claim Form and for which adequate documentation is provided. If a Recognized Loss Amount calculates to a negative number or zero under the formula below, that number shall be zero.

52.    For each share of Virtus common stock purchased or otherwise acquired during the period from January 25, 2013, through and including the close of trading on May 11, 2015, and:

(a)    Sold before September 3, 2014, 2:14 p.m. New York time, the Recognized Loss Amount will be $0.00.

(b)    Sold during the period from September 3, 2014 at or after 2:14 p.m. New York time through and including the close of trading on May 10, 2015, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1 *minus* the amount of artificial inflation per share on the date of sale as stated in Table A-2; or (ii) the purchase/acquisition price *minus* the sale price.

(c)    Sold during the period from May 11, 2015 through and including the close of trading on August 7, 2015, the Recognized Loss Amount will be *the least of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in Table A-1; (ii) the purchase/acquisition price *minus* the sale price; or (iii) the purchase/acquisition price *minus* the average closing price between May 11, 2015 and the date of sale as stated in Table B at the end of this Notice.

(d)    Held as of the close of trading on August 7, 2015, the Recognized Loss Amount will be *the lesser of*: (i) the amount of artificial inflation per share on the date of purchase/acquisition as stated in

---

[3] With respect to the partial corrective disclosure that occurred on September 3, 2014, Class Representative contends that the alleged artificial inflation was removed from the price of Virtus common stock over three days: September 3, 2014, September 4, 2014, and September 5, 2014. On September 5, 2014, there was information released to the market that clarified the link between the news and the implications for Virtus common stock.

[4] With respect to the partial corrective disclosure that occurred on November 14, 2014, Class Representative contends that the alleged artificial inflation was removed from the price of Virtus common stock over two days: November 14, 2014 and November 17, 2014.

Table A-1; or (ii) the purchase/acquisition price minus $126.21, the average closing price for Virtus common stock between May 11, 2015 and August 7, 2015 (the last entry on Table B).[5]

## ADDITIONAL PROVISIONS

53.   **FIFO Matching:**  If a Class Member made more than one purchase/acquisition or sale of Virtus common stock during the Class Period, all purchases/acquisitions and sales will be matched on a First In, First Out ("FIFO") basis. Class Period sales will be matched first against any holdings at the beginning of the Class Period and then against purchases/acquisitions in chronological order, beginning with the earliest purchase/acquisition made during the Class Period.

54.   **"Purchase/Sale" Dates:**  Purchases or acquisitions and sales of Virtus common stock will be deemed to have occurred on the "contract" or "trade" date as opposed to the "settlement" or "payment" date. The receipt or grant by gift, inheritance, or operation of law of Virtus common stock during the Class Period shall not be deemed a purchase, acquisition or sale of Virtus common stock for the calculation of a Claimant's Recognized Loss Amount, nor shall the receipt or grant be deemed an assignment of any claim relating to the purchase/acquisition/sale of Virtus common stock unless (i) the donor or decedent purchased or otherwise acquired or sold Virtus common stock during the Class Period; (ii) the instrument of gift or assignment specifically provides that it is intended to transfer such rights; and (iii) no Claim Form was submitted by or on behalf of the donor, on behalf of the decedent, or by anyone else with respect to such Virtus common stock shares.

55.   **Short Sales:**  The date of covering a "short sale" is deemed to be the date of purchase or acquisition of the Virtus common stock.  The date of a "short sale" is deemed to be the date of sale of the Virtus common stock. In accordance with the Plan of Allocation, however, the Recognized Loss Amount on "short sales" and the purchases covering "short sales" is zero.

56.   In the event that a Claimant has an opening short position in Virtus common stock, the earliest purchases or acquisitions of Virtus common stock during the Class Period will be matched against such opening short position, and not be entitled to a recovery, until that short position is fully covered.

57.   **Common Stock Purchased/Sold Through the Exercise of Options:**  With respect to Virtus common stock purchased or sold through the exercise of an option, the purchase/sale date of the common stock is the exercise date of the option and the purchase/sale price is the exercise price of the option.

58.   **Calculation of Claimant's "Recognized Claim":**  A Claimant's "Recognized Claim" under the Plan of Allocation will be the sum of his, her or its Recognized Loss Amounts as calculated above.

59.   **Market Gains and Losses:**  With respect to all Virtus Common Stock shares purchased or acquired during the Class Period, the Claims Administrator will determine if the Claimant had a "Market Gain" or a "Market Loss" with respect to his, her, or its overall transactions during the Class Period in those shares. For purposes of making this calculation, the Claims Administrator shall determine the difference between (i) the Claimant's Total

---

[5] Under Section 21D(e)(1) of the Exchange Act, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90-day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated to the market." Consistent with the requirements of the statute, Recognized Loss Amounts are reduced to an appropriate extent by taking into account the closing prices of Virtus common stock during the "90-day look-back period," May 11, 2015 through August 7, 2015, inclusive. The mean (average) closing price for Virtus common stock during this 90-day look-back period was $126.21.

Purchase Amount[6] and (ii) the sum of the Claimant's Total Sales Proceeds[7] and the Claimant's Holding Value.[8] If the Claimant's Total Purchase Amount minus the sum of the Claimant's Total Sales Proceeds and the Holding Value is a positive number, that number will be the Claimant's Market Loss; if the number is a negative number or zero, that number will be the Claimant's Market Gain.

60.    If a Claimant had a Market Gain with respect to his, her, or its overall transactions in Virtus common stock during the Class Period, the value of the Claimant's Recognized Claim will be zero, and the Claimant will in any event be bound by the Settlement. If a Claimant suffered an overall Market Loss with respect to his, her, or its overall transactions in Virtus common stock during the Class Period but that Market Loss was less than the Claimant's Recognized Claim, then the Claimant's Recognized Claim will be limited to the amount of the Market Loss, and the Claimant will in any event be bound by the Settlement.

61.    **Determination of Distribution Amount:**  If the sum total of Recognized Claims of all Authorized Claimants who are entitled to receive payment out of the Net Settlement Fund is greater than the Net Settlement Fund, each Authorized Claimant shall receive his, her, or its *pro rata* share of the Net Settlement Fund. The *pro rata* share will be the Authorized Claimant's Recognized Claim divided by the sum total amount of the Recognized Claims of all Authorized Claimants, multiplied by the total amount in the Net Settlement Fund.

62.    If the Net Settlement Fund exceeds the sum total amount of the Recognized Claims of all Authorized Claimants entitled to receive payment out of the Net Settlement Fund, the excess amount in the Net Settlement Fund will be distributed *pro rata* to all Authorized Claimants entitled to receive payment.

63.    If an Authorized Claimant's Distribution Amount calculates to less than $10.00, no distribution will be made to that Authorized Claimant.

64.    After the initial distribution of the Net Settlement Fund, the Claims Administrator will make reasonable and diligent efforts to have Authorized Claimants cash their distribution checks. To the extent any monies remain in the Net Settlement Fund nine (9) months after the initial distribution, if Class Counsel, in consultation with the Claims Administrator, determine that it is cost-effective to do so, the Claims Administrator will conduct a re-distribution of the funds remaining after payment of any unpaid fees and expenses incurred in administering the Settlement, including for such re-distribution, to Authorized Claimants who have cashed their initial distributions and who would receive at least $10.00 from such re-distribution. Additional re-distributions to Authorized Claimants who have cashed their prior checks and who would receive at least $10.00 on such additional re-distributions may occur thereafter if Class Counsel, in consultation with the Claims Administrator, determine that additional re-distributions, after the deduction of any additional fees and expenses incurred in administering the Settlement, including for such re-distributions, would be cost-effective. At such time as it is determined that the re-distribution of funds remaining in the Net Settlement Fund is not cost-effective, the remaining balance will be contributed to non-sectarian, not-for-profit, 501(c)(3) organization(s), to be recommended by Class Counsel and approved by the Court.

65.    Payment pursuant to the Plan of Allocation, or such other plan of allocation as may be approved by the Court, shall be conclusive against all Authorized Claimants. No person shall have any claim against Class

---

[6]  The "Total Purchase Amount" is the total amount the Claimant paid (excluding all fees, taxes and commissions) for all shares of Virtus common stock purchased/acquired during the Class Period.

[7]  The Claims Administrator shall match any sales of Virtus common stock during the Class Period first against the Claimant's opening position in the stock (the proceeds of those sales will not be considered for purposes of calculating market gains or losses).  The total amount received (excluding all fees, taxes and commissions) for sales of the remaining shares of Virtus common stock sold during the Class Period is the "Total Sales Proceeds."

[8]  The Claims Administrator shall ascribe a "Holding Value" of $116.27 to each share of Virtus Common Stock purchased/acquired during the Class Period that was still held as of the close of trading on May 11, 2015.

Representative, Class Counsel, Class Representative's damages expert, Defendants, Defendants' Counsel, or any of the other Plaintiffs' Releasees or Defendants' Releasees, or the Claims Administrator or other agent designated by Class Counsel arising from distributions made substantially in accordance with the Stipulation, the plan of allocation approved by the Court, or further Orders of the Court. Class Representative, Defendants, and their respective counsel, and all other Defendants' Releasees, shall have no responsibility or liability whatsoever for the investment or distribution of the Settlement Fund or the Net Settlement Fund; the plan of allocation; the determination, administration, calculation, or payment of any Claim Form or nonperformance of the Claims Administrator; the payment or withholding of Taxes; or any losses incurred in connection therewith.

66.    The Plan of Allocation set forth herein is the plan that is being proposed to the Court for its approval by Class Representative after consultation with its damages expert. The Court may approve this plan as proposed or it may modify the Plan of Allocation without further notice to the Class. Any Orders regarding any modification of the Plan of Allocation will be posted on the settlement website, www.virtussecuritieslitigation.com.

---

**WHAT PAYMENTS ARE THE ATTORNEYS FOR THE CLASS SEEKING?**
**HOW WILL THE LAWYERS BE PAID?**

---

67.    As a Class Member, you are represented by Class Representative and Class Counsel, unless you enter an appearance through counsel of your own choice at your own expense. You are not required to retain your own counsel, but if you choose to do so, such counsel must file a notice of appearance on your behalf and must serve copies of his or her appearance on the attorneys listed in the section entitled, "When And Where Will The Court Decide Whether To Approve The Settlement?," on page ___ below.

68.    Class Counsel have not received any payment for their services in pursuing claims against the Defendants on behalf of the Class, nor have Class Counsel been paid for their litigation expenses. Before final approval of the Settlement, Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. At the same time, Class Counsel also intend to apply for payment of Litigation Expenses in an amount not to exceed $1,200,000, which may include an application for reimbursement of the reasonable costs and expenses incurred by Class Representative directly related to its representation of the Class. The Court will determine the amount of any award of attorneys' fees or payment of Litigation Expenses. Such sums as may be approved by the Court will be paid from the Settlement Fund. Class Members are not personally liable for any such fees or expenses.

---

**WHEN AND WHERE WILL THE COURT DECIDE WHETHER TO APPROVE THE**
**SETTLEMENT?  DO I HAVE TO COME TO THE HEARING?**
**MAY I SPEAK AT THE HEARING IF I DON'T LIKE THE SETTLEMENT?**

---

69.    **Class Members do not need to attend the Settlement Hearing. The Court will consider any submission made in accordance with the provisions below even if a Class Member does not attend the hearing. You can participate in the Settlement without attending the Settlement Hearing.** Please Note: The date and time of the Settlement Hearing may change without further written notice to the Class. You should monitor the Court's docket and the website maintained by the Claims Administrator, www.virtussecuritieslitigation.com, before making plans to attend the Settlement Hearing. You may also confirm the date and time of the Settlement Hearing by contacting Class Counsel.

70.    The Settlement Hearing will be held on _____, 2018 at __:__ _.m., before the Honorable William H. Pauley III, in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, Courtroom 20B.  The Court reserves the right to approve the Settlement, the Plan of Allocation, Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, and/or any other matter related to the Settlement at or after the Settlement Hearing without further notice to the members of the Class.

71.   Any Class Member may object to the Settlement, the proposed Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses. Objections must be in writing. You must file any written objection, together with copies of all other papers and briefs supporting the objection, with the Clerk's Office at the United States District Court for the Southern District of New York at the address set forth below **on or before** _____, **2018**. You must also serve the papers on Class Counsel and on the Defendants' Counsel at the addresses set forth below so that the papers are ***received*** on or before _____, **2018**.

| **Clerk's Office** | **Class Counsel** | **Defendants' Counsel** |
|---|---|---|
| **United States District Court** **Southern District of New York** Clerk of the Court Daniel Patrick Moynihan    United States Courthouse 500 Pearl Street New York, NY 10007-1312 | **Bernstein Litowitz Berger** **& Grossmann LLP** John C. Browne, Esq. 1251 Avenue of the Americas,    44th Floor New York, NY 10020 **Labaton Sucharow LLP** Michael H. Rogers, Esq. 140 Broadway New York, NY 10005 | **Simpson Thacher & Bartlett LLP** Joseph M. McLaughlin, Esq. 425 Lexington Avenue New York, NY 10017 |

72.   Any objections (i) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (ii) must state whether the objector is represented by counsel and, if so, the name, address and telephone number of the objector's counsel; (iii) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (iv) must include documents sufficient to prove membership in the Class, including documents showing the number of shares of Virtus common stock that the objecting Class Member purchased/acquired and sold during the Class Period (*i.e.*, between January 25, 2013 and May 11, 2015, inclusive), as well as the number of shares, dates, and prices for each such purchase and sale. You may not object to the Settlement, the Plan of Allocation, or Class Counsel's motion for attorneys' fees and payment of Litigation Expenses if you are not a member of the Class.

73.   You may file a written objection without having to appear at the Settlement Hearing. You may not, however, appear at the Settlement Hearing to present your objection unless you first file and serve a written objection in accordance with the procedures described above, unless the Court orders otherwise.

74.   If you wish to be heard orally at the hearing in opposition to the approval of the Settlement, the Plan of Allocation, and/or Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, and if you timely file and serve a written objection as described above, you must also file a notice of appearance with the Clerk's Office and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 71 above so that it is ***received*** on or before _____, **2018**. Persons who intend to object and desire to present evidence at the Settlement Hearing must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the hearing.  Such persons may be heard orally at the discretion of the Court.

75.   You are not required to hire an attorney to represent you in making written objections or in appearing at the Settlement Hearing. However, if you decide to hire an attorney, it will be at your own expense, and that attorney must file a notice of appearance with the Court and serve it on Class Counsel and Defendants' Counsel at the addresses set forth in ¶ 71 above so that the notice is ***received*** on or before _____, **2018**.

76.    The Settlement Hearing may be adjourned by the Court without further written notice to the Class.  If you plan to attend the Settlement Hearing, you should confirm the date and time with Class Counsel.

77.    **Unless the Court orders otherwise, any Class Member who does not object in the manner described above will be deemed to have waived any objection and shall be forever foreclosed from making any objection to the proposed Settlement, the proposed Plan of Allocation, or Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses.  Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.**

### WHAT IF I BOUGHT VIRTUS SHARES ON SOMEONE ELSE'S BEHALF?

78.    **IMPORTANT:  If you previously provided the names and addresses of persons and entities on whose behalf you purchased/acquired publicly traded Virtus common stock during the period between January 25, 2013 and May 11, 2015, inclusive, in connection with the Class Notice, and (i) those names and addresses remain current and (ii) you have no additional names and addresses for potential Class Members to provide to the Claims Administrator,** *you need do nothing further at this time.* **The Claims Administrator will mail a copy of this notice (the "Settlement Notice") and the Claim Form (together, the "Settlement Notice Packet") to the beneficial owners whose names and addresses were previously provided in connection with the Class Notice.** If you elected to mail the Class Notice directly to beneficial owners, you were advised that you must retain the mailing records for use in connection with any further notices that may be provided in the Action. If you elected this option, the Claims Administrator will forward the same number of Settlement Notice Packets to you to send to the beneficial owners. If you require more copies of the Settlement Notice Packet than you previously requested in connection with the Class Notice mailing, please contact the Claims Administrator, GCG, toll-free at 1-866-680-8403 and let them know how many additional packets you require. You must mail the Settlement Notice Packets to the beneficial owners within seven (7) calendar days of your receipt of the packets.

79.    If you have not already provided the names and addresses for persons and entities on whose behalf you purchased/acquired publicly traded Virtus common stock during the period between January 25, 2013 and May 11, 2015, inclusive, in connection with the Class Notice, then, the Court has ordered that you must, WITHIN SEVEN (7) CALENDAR DAYS OF YOUR RECEIPT OF THIS NOTICE, either: (i) send the Settlement Notice Packet to all beneficial owners of such Virtus common stock, or (ii) send a list of the names and addresses of such beneficial owners to the Claims Administrator at *In re Virtus Investment Partners, Inc. Securities Litigation*, c/o GCG, P.O. Box 10489, Dublin, OH 43017-4089, in which event the Claims Administrator shall promptly mail the Settlement Notice Packet to such beneficial owners. **AS STATED ABOVE, IF YOU HAVE ALREADY PROVIDED THIS INFORMATION IN CONNECTION WITH THE CLASS NOTICE, UNLESS THAT INFORMATION HAS CHANGED (*E.G.*, BENEFICIAL OWNER HAS CHANGED ADDRESS), IT IS UNNECESSARY TO PROVIDE SUCH INFORMATION AGAIN.**

80.    Upon full and timely compliance with these directions, nominees who mail the Settlement Notice Packet to beneficial owners may seek reimbursement of their reasonable expenses actually incurred by providing GCG with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

81.    Copies of the Settlement Notice and the Claim Form may also be obtained from the website maintained by the Claims Administrator, www.virtussecuritieslitigation.com, by calling the Claims Administrator toll-free at 1-866-680-8403, or by emailing the Claims Administrator at info@virtussecuritieslitigation.com.

### CAN I SEE THE COURT FILE?  WHOM SHOULD I CONTACT IF I HAVE QUESTIONS?

82.    This notice contains only a summary of the terms of the proposed Settlement. For more detailed information about the matters involved in this Action, you are referred to the papers on file in the Action, including

the Stipulation, which may be inspected during regular office hours at the Office of the Clerk, United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312. Additionally, copies of the Stipulation and any related orders entered by the Court will be posted on the website maintained by the Claims Administrator, www.virtussecuritieslitigation.com.

All inquiries concerning this notice and the Claim Form should be directed to:

*In re Virtus Investment Partners, Inc. Securities Litigation*
c/o GCG
P.O. Box 10489
Dublin, OH 43017-4089
1-866-680-8403
info@virtussecuritieslitigation.com
www.virtussecuritieslitigation.com

and/or

| Bernstein Litowitz Berger & Grossmann LLP | Labaton Sucharow LLP |
|---|---|
| John C. Browne, Esq. | Michael H. Rogers, Esq. |
| 1251 Avenue of the Americas | 140 Broadway |
| New York, NY  10020 | New York, NY 1000 |
| 1-800-380-8496 | 1-888-219-6877 |
| blbg@blbglaw.com | settlementquestions@labaton.com |

**DO NOT CALL OR WRITE THE COURT, THE OFFICE OF THE CLERK OF THE COURT, DEFENDANTS OR THEIR COUNSEL REGARDING THIS NOTICE.**

Dated: _____, 2018

By Order of the Court
United States District Court
Southern District of New York

17

**TABLE A-1**

**Estimated Artificial Inflation from January 25, 2013
Through and Including May 11, 2015
With Respect to Purchases/Acquisitions of Virtus Common Stock**

| Purchase/Acquisition Transaction Date | Artificial Inflation Per Share |
|---|---|
| January 25, 2013 – September 2, 2014 | $100.86 |
| September 3, 2014: purchased before 2:14 p.m. New York time | $100.86 |
| September 3, 2014: purchased at or after 2:14 p.m. New York time | $81.77 |
| September 4, 2014 | $81.77 |
| September 5, 2014 – September 17, 2014 | $60.39 |
| September 18, 2014 – November 13, 2014 | $49.57 |
| November 14, 2014: purchased before 10:40 a.m. New York time | $49.57 |
| November 14, 2014: purchased at or after 10:40 a.m. New York time | $27.25 |
| November 17, 2014 – April 13, 2015 | $27.25 |
| April 14, 2015 – May 10, 2015 | $17.17 |
| May 11, 2015 | $0.17 |

**TABLE A-2**

**Estimated Artificial Inflation from January 25, 2013
Through and Including May 10, 2015
With Respect to Sales of Virtus Common Stock**

| Sale Transaction Date | Artificial Inflation Per Share |
|---|---|
| January 25, 2013 – September 2, 2014 | $100.86 |
| September 3, 2014: sold before 2:14 p.m. New York time | $100.86 |
| September 3, 2014: sold at or after 2:14 p.m. New York time | $98.75 |
| September 4, 2014 | $81.77 |
| September 5, 2014 – September 17, 2014 | $60.39 |
| September 18, 2014 – November 13, 2014 | $49.57 |
| November 14, 2014: sold before 10:40 a.m. New York time | $49.57 |
| November 14, 2014: sold at or after 10:40 a.m. New York time | $31.88 |
| November 17, 2014 – April 13, 2015 | $27.25 |
| April 14, 2015 – May 10, 2015 | $17.17 |

**TABLE B**

**90-Day Lookback Table for Virtus Common Stock**

| Date | Closing Price | Average Closing Price Between May 11, 2015 and Date Shown | Date | Closing Price | Average Closing Price Between May 11, 2015 and Date Shown |
|---|---|---|---|---|---|
| 5/11/2015 | $116.27 | $116.27 | 6/25/2015 | $136.40 | $127.26 |
| 5/12/2015 | $115.09 | $115.68 | 6/26/2015 | $135.65 | $127.50 |
| 5/13/2015 | $116.06 | $115.81 | 6/29/2015 | $128.81 | $127.54 |
| 5/14/2015 | $115.58 | $115.75 | 6/30/2015 | $132.25 | $127.67 |
| 5/15/2015 | $115.21 | $115.64 | 7/1/2015 | $132.25 | $127.79 |
| 5/18/2015 | $117.46 | $115.95 | 7/2/2015 | $130.35 | $127.86 |
| 5/19/2015 | $117.31 | $116.14 | 7/6/2015 | $128.68 | $127.88 |
| 5/20/2015 | $117.87 | $116.36 | 7/7/2015 | $128.42 | $127.90 |
| 5/21/2015 | $118.75 | $116.62 | 7/8/2015 | $123.46 | $127.79 |
| 5/22/2015 | $120.64 | $117.02 | 7/9/2015 | $124.48 | $127.71 |
| 5/26/2015 | $121.59 | $117.44 | 7/10/2015 | $121.78 | $127.57 |
| 5/27/2015 | $124.16 | $118.00 | 7/13/2015 | $126.17 | $127.54 |
| 5/28/2015 | $127.25 | $118.71 | 7/14/2015 | $128.16 | $127.55 |
| 5/29/2015 | $124.41 | $119.12 | 7/15/2015 | $128.64 | $127.58 |
| 6/1/2015 | $125.41 | $119.54 | 7/16/2015 | $130.33 | $127.64 |
| 6/2/2015 | $126.42 | $119.97 | 7/17/2015 | $129.16 | $127.67 |
| 6/3/2015 | $127.26 | $120.40 | 7/20/2015 | $123.85 | $127.59 |
| 6/4/2015 | $125.41 | $120.68 | 7/21/2015 | $124.01 | $127.52 |
| 6/5/2015 | $132.81 | $121.31 | 7/22/2015 | $122.87 | $127.43 |
| 6/8/2015 | $129.62 | $121.73 | 7/23/2015 | $120.97 | $127.30 |
| 6/9/2015 | $131.81 | $122.21 | 7/24/2015 | $119.89 | $127.16 |
| 6/10/2015 | $132.05 | $122.66 | 7/27/2015 | $118.38 | $127.00 |
| 6/11/2015 | $132.83 | $123.10 | 7/28/2015 | $118.36 | $126.84 |
| 6/12/2015 | $130.52 | $123.41 | 7/29/2015 | $120.55 | $126.73 |
| 6/15/2015 | $128.38 | $123.61 | 7/30/2015 | $117.93 | $126.58 |
| 6/16/2015 | $135.00 | $124.05 | 7/31/2015 | $120.86 | $126.48 |
| 6/17/2015 | $138.60 | $124.58 | 8/3/2015 | $125.03 | $126.45 |
| 6/18/2015 | $137.98 | $125.06 | 8/4/2015 | $124.66 | $126.42 |
| 6/19/2015 | $140.30 | $125.59 | 8/5/2015 | $122.79 | $126.36 |
| 6/22/2015 | $139.95 | $126.07 | 8/6/2015 | $122.06 | $126.29 |
| 6/23/2015 | $140.54 | $126.53 | 8/7/2015 | $120.80 | $126.21 |
| 6/24/2015 | $140.50 | $126.97 | | | |

# EXHIBIT A-2

Exhibit A-2

*In re Virtus Investment Partners, Inc. Securities Litigation*, No. 15-cv-1249

## PROOF OF CLAIM AND RELEASE FORM

TO BE ELIGIBLE TO RECEIVE A SHARE OF THE NET SETTLEMENT FUND CREATED IN THE SETTLEMENT, YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE FORM ("CLAIM FORM") AND **SUBMIT IT ONLINE AT WWW.VIRTUSSECURITIESLITIGATION.COM OR MAIL IT BY PREPAID, FIRST-CLASS MAIL, POSTMARKED, NO LATER THAN _____, 2018,** ADDRESSED AS FOLLOWS:

*In re Virtus Investment Partners, Inc. Securities Litigation*
**c/o GCG**
**P.O. Box 10489**
**Dublin, OH 43017-4089**

FAILURE TO SUBMIT YOUR CLAIM FORM BY THIS DEADLINE WILL SUBJECT YOUR CLAIM TO REJECTION AND MAY PRECLUDE YOU FROM RECOVERING ANY MONEY IN CONNECTION WITH THE PROPOSED SETTLEMENT.

**SUBMIT YOUR CLAIM FORM ONLY TO THE CLAIMS ADMINISTRATOR AS SET FORTH ABOVE.** If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address above, by email at info@VirtusSecuritiesLitigation.com, or by toll-free phone at 1-866-680-8403 or you may visit www.VirtusSecuritiesLitigation.com.

## PART I – CLAIMANT INFORMATION

The Claims Administrator will use this information for all communications regarding this Claim Form. If this information changes, you MUST notify the Claims Administrator. Complete names must be provided.

Claimant Names(s) (as they should appear on check, if eligible; must provide names of all beneficial owners):

Name of Person the Claims Administrator Should Contact Regarding this Claim Form (Must Be Provided):

Mailing Address – Line 1: Street Address/P.O. Box:

Mailing Address – Line 2 (If Applicable): Apartment/Suite/Floor Number:

City:                    State/Province: Zip Code:        Country (if other than U.S.):

Last 4 digits of Claimant Social Security/Taxpayer Identification Number:

Daytime Telephone Number:                              Evening Telephone Number:

Email address (not required; authorizes the Administrator to use it in providing you with relevant information):

## PART II – SCHEDULE OF TRANSACTIONS IN PUBLICLY TRADED VIRTUS COMMON STOCK

**Complete this Part II if and only if you purchased or acquired publicly traded Virtus common stock ("Virtus Common Stock") during the period between January 25, 2013 and May 11, 2015, inclusive.** Please be sure to include proper documentation with your Claim Form as described in detail in Part III – General Instructions, Paragraph ___, below. Do not include information regarding securities other than Virtus Common Stock.

| **1. HOLDINGS AS OF JANUARY 25, 2013** – State the total number of shares of Virtus Common Stock held as of the opening of trading on January 25, 2013. (Must be documented.) If none, write "zero" or "0." _____ | | | | Confirm Proof of Position Enclosed ○ |
|---|---|---|---|---|
| **2. PURCHASES/ACQUISITIONS FROM JANUARY 25, 2013 THROUGH MAY 11, 2015** – Separately list each and every purchase/acquisition (including free receipts) of Virtus Common Stock from after the opening of trading on January 25, 2013 through and including May 11, 2015. (Must be documented.)[1] | | | | |
| Date of Purchase/ Acquisition (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase/Acquisition Price Per Share | Total Purchase/ Acquisition Price (excluding taxes, commissions, and fees) | Confirm Proof of Purchase Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| **3. PURCHASES/ACQUISITIONS FROM MAY 12, 2015 THROUGH AUGUST 7, 2015** – State the total number of shares of Virtus Common Stock purchased/acquired (including free receipts) from May 12, 2015 through and including the close of trading on August 7, 2015. (Must be documented.) If none, write "zero" or "0."[2] _____ | | | | |
| **4. SALES FROM JANUARY 25, 2013 THROUGH AUGUST 7, 2015** – Separately list each and every sale/disposition (including free deliveries) of Virtus Common Stock from after the opening of trading on January 25, 2013 through and including the close of trading on August 7, 2015. (Must be documented.)[3] | | | | **IF NONE, CHECK HERE** ○ |
| Date of Sale (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Total Sale Price (excluding taxes, commissions, and fees) | Confirm Proof of Sale Enclosed |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |
| / / | | $ | $ | ○ |

---

[1] As explained in Paragraph 8, the claimant may need to submit a time-stamped order form or similar documentation.

[2] **Please note**: Information requested with respect to your purchases/acquisitions of Virtus common stock from May 12, 2015 through and including the close of trading on August 7, 2015 is needed in order to balance your claim; purchases/acquisitions during this period, however, are not eligible purchases and will not be used for purposes of calculating Recognized Loss Amounts pursuant to the Plan of Allocation.

[3] As explained in Paragraph 8, the claimant may need to submit a time-stamped order form or similar documentation.

| **5. HOLDINGS AS OF AUGUST 7, 2015 –** State the total number of shares of Virtus Common Stock held as of the close of trading on August 7, 2015. (Must be documented.) If none, write "zero" or "0." _____ | Confirm Proof of Position Enclosed ○ |
| --- | --- |

**IF YOU REQUIRE ADDITIONAL SPACE FOR THE SCHEDULE ABOVE, ATTACH EXTRA SCHEDULES IN THE SAME FORMAT. PRINT THE BENEFICIAL OWNER'S FULL NAME AND LAST FOUR DIGITS OF SOCIAL SECURITY/TAXPAYER IDENTIFICATION NUMBER ON EACH ADDITIONAL PAGE. IF YOU DO ATTACH EXTRA SCHEDULES, CHECK THIS BOX** ☐

## PART III – GENERAL INSTRUCTIONS

1.      It is important that you completely read the Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses (the "Settlement Notice") that accompanies this Claim Form, including the proposed Plan of Allocation of the Net Settlement Fund within the Settlement Notice (the "Plan of Allocation"). The Settlement Notice also contains the definitions of many of capitalized terms used in this Claim Form. By signing and submitting this Claim Form, you will be certifying that you have read the Settlement Notice, including the terms of the releases described therein and provided for herein.

2.      This Claim Form is directed to all persons and entities that, during the period between January 25, 2013 and May 11, 2015, inclusive (the "Class Period"), purchased or otherwise acquired shares of the publicly traded common stock of Virtus and were damaged thereby (the "Class"). Certain persons and entities are excluded from the Class by definition as set forth in Paragraph __ of the Settlement Notice. If you were issued Virtus common stock in 2009, when Virtus was created in a spin-off transaction, receiving those shares in 2009 does not make you a Class Member.

3.      **IF YOU ARE NOT A CLASS MEMBER** (see the definition of the Class in Paragraph __ of the Settlement Notice, which sets forth who is included in and who is excluded from the Class), DO NOT SUBMIT A CLAIM FORM. **YOU MAY NOT, DIRECTLY OR INDIRECTLY, PARTICIPATE IN THE SETTLEMENT.** THUS, IF YOU ARE EXCLUDED FROM THE CLASS, ANY CLAIM FORM THAT YOU SUBMIT, OR THAT MAY BE SUBMITTED ON YOUR BEHALF, WILL NOT BE ACCEPTED.

4.      **Submission of this Claim Form does not guarantee that you will share in the proceeds of the Settlement. The distribution of the Net Settlement Fund will be governed by the Plan of Allocation approved by the Court.**

5.      Use the Schedule of Transactions in Part II of this Claim Form to supply all required details of your transaction(s) (including free transfers and deliveries) in and holdings of publicly traded Virtus common stock. On this schedule, please provide all of the requested information with respect to your holdings, purchases, acquisitions, and sales of publicly traded Virtus common stock, whether such transactions resulted in a profit or a loss. **Failure to report all transaction and holding information during the requested time period may result in the rejection of your claim.**

6.      **Please note: Only publicly traded Virtus common stock purchased or otherwise acquired during the Class Period (*i.e.*, between January 25, 2013 and May 11, 2015, inclusive) is eligible under the Settlement.** However, your sales of Virtus common stock during the Class Period and during the period from May 12, 2015 through August 7, 2015, inclusive, will be used for purposes of calculating your claim. Therefore, in order for the Claims Administrator to be able to calculate your claim, the requested purchase information during the period from May 12, 2015 through August 7, 2015, inclusive, must also be provided.

7.      You are required to submit genuine and sufficient documentation for all of your transactions in the Schedule of Transactions in Part II of this Claim Form. Documentation may consist of copies of brokerage confirmation slips or monthly brokerage account statements, or an authorized statement from your broker containing the transactional and holding information found in a broker confirmation slip or account statement. The Settling Parties and the Claims Administrator do not independently have information about your investments in Virtus common stock. IF SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN COPIES OF THE DOCUMENTS OR EQUIVALENT DOCUMENTS FROM YOUR BROKER. FAILURE TO SUPPLY THIS DOCUMENTATION MAY

RESULT IN THE REJECTION OF YOUR CLAIM. DO NOT SEND ORIGINAL DOCUMENTS. **Please keep a copy of all documents that you send to the Claims Administrator. Also, do not highlight any portion of the Claim Form or any supporting documents.**

8.      **PLEASE NOTE: Additional Documentation Requirement Regarding Purchases and Sales on September 3, 2014 and November 17, 2014:** If you purchased/acquired or sold shares of publicly traded Virtus common stock on September 3, 2014 or November 17, 2014 at prices within the range set forth in this paragraph, you will also be required to submit supporting documentation that shows the time of day when the transaction occurred. For any shares of publicly traded Virtus common stock purchased/acquired or sold on September 3, 2014, if the transaction price per share was **between (but not equal to)** $223.06 and $224.20, you must submit a time-stamped order form or similar documentation that shows the time of day of the transaction. Similarly, for any shares of Virtus common stock purchased/acquired or sold on November 17, 2014, if the transaction price per share was **greater than** $180.49, you must submit a time-stamped order form or similar documentation that shows the time of day of the transaction. For all other trades on September 2, 2014 and November 17, 2014 (*i.e.*, any trades on September 2, 2014 **equal to or less than** $223.06 per share or **equal to or greater than** $224.20 per share, and any trades on November 17, 2014 **equal to or less than** $180.49 per share), the supporting documentation does not need to provide the time of day the transaction occurred.

9.      All joint beneficial owners must each sign this Claim Form and each of their names must appear as "Claimants" in Part I above. The complete name(s) of the beneficial owner(s) must also be entered. If you purchased or otherwise acquired Virtus common stock and held the shares in your name, you are the beneficial owner as well as the record owner. If you purchased or otherwise acquired Virtus common stock during the Class Period and the shares were registered in the name of a third party, such as a nominee or brokerage firm, you are the beneficial owner of these shares, but the third party is the record owner. The beneficial owner, not the record owner, must sign this Claim Form.

10.     **One Claim should be submitted for each separate legal entity.** Separate Claim Forms should be submitted for each separate legal entity (*e.g.*, a claim from joint owners should not include separate transactions of just one of the joint owners, and an individual should not combine his or her IRA transactions with transactions made solely in the individual's name). Conversely, a single Claim Form should be submitted on behalf of one legal entity including all transactions made by that entity on one Claim Form, no matter how many separate accounts that entity has (*e.g.*, a corporation with multiple brokerage accounts should include all transactions made in all accounts on one Claim Form).

11.     Agents, executors, administrators, guardians, and trustees must complete and sign the Claim Form on behalf of persons represented by them, and they must :(a) expressly state the capacity in which they are acting; (b) identify the name, account number, Social Security Number (or taxpayer identification number), address and telephone number of the beneficial owner of (or other person or entity on whose behalf they are acting with respect to) the Virtus common stock; and (c) furnish herewith evidence of their authority to bind to the Claim Form the person or entity on whose behalf they are acting. (Authority to complete and sign a Claim Form cannot be established by stockbrokers demonstrating only that they have discretionary authority to trade securities in another person's accounts.)

12.     By submitting a signed Claim Form, you will be swearing to the truth of the statements contained therein and the genuineness of the documents attached thereto, subject to penalties of perjury under the laws of the United States of America. The making of false statements, or the submission of forged or fraudulent documentation, will result in the rejection of your claim and may subject you to civil liability or criminal prosecution.

13.     If the Court approves the Settlement(s), payments to eligible Authorized Claimants pursuant to the Plan of Allocation (or such other plan of allocation as the Court approves) will be made after any appeals are resolved, and after the completion of all claims processing. The claims process will take substantial time to complete fully and fairly. Please be patient.

14.     **PLEASE ALSO NOTE:** As set forth in the Plan of Allocation, each Authorized Claimant will receive his, her or its *pro rata* share of the Net Settlement Fund. If the prorated payment to any Authorized Claimant calculates to less than $10.00, it will not be included in the calculation and no distribution will be made to that Authorized Claimant.

15.     If you have questions concerning the Claim Form, or need additional copies of the Claim Form or the Settlement

Notice, you may contact the Claims Administrator, GCG, at the above address, by email at info@VirtusSecuritiesLitigation.com, or by toll-free phone at 1-866-680-8403, or you can visit the case website, www.VirtusSecuritiesLitigation.com, where copies of the Claim Form and Settlement Notice are available for downloading.

16.     **NOTICE REGARDING ELECTRONIC FILES**: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files. To obtain the ***mandatory*** electronic filing requirements and file layout, you may visit the case website at www.VirtusSecuritiesLitigation.com or you may email the Claims Administrator's electronic filing department at info@VirtusSecuritiesLitigation.com. **Any file not in accordance with the required electronic filing format will be subject to rejection.** Only one claim should be submitted for each separate legal entity (*see* Paragraph 10 above) and the ***complete*** name of the beneficial owner of the securities must be entered where called for (*see* Paragraph 9 above). No electronic files will be considered to have been properly submitted unless the Claims Administrator issues an email to that effect. **Do not assume that your file has been received until you receive this email. If you do not receive such an email within 10 days of your submission, you should contact the Claims Administrator's electronic filing department at info@VirtusSecuritiesLitigation.com to inquire about your file and confirm it was received.**

**YOUR CLAIM IS NOT DEEMED FILED UNTIL YOU RECEIVE AN ACKNOWLEDGEMENT POSTCARD. THE CLAIMS ADMINISTRATOR WILL MAIL YOU A POSTCARD WITHIN 60 DAYS. IF YOU DO NOT RECEIVE A POSTCARD WITHIN 60 DAYS, CALL THE CLAIMS ADMINISTRATOR AT 1-866-680-8403.**

## PART IV - RELEASE OF CLAIMS AND SIGNATURE

### YOU MUST READ THE RELEASE AND CERTIFICATION BELOW AND SIGN ON PAGE __.

I (we) hereby acknowledge that, pursuant to the terms set forth in the Stipulation, upon the Effective Date of the Settlement, I (we), on behalf of myself (ourselves) and my (our) heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the Judgment entered with respect to the Settlement, shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim (as defined in the Stipulation and the Settlement Notice) against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

**CERTIFICATION**

By signing and submitting this Claim Form, the claimant(s) or the person(s) who represent(s) the claimant(s) agree(s) to the release above and certifies (certify) as follows:

1.      that I (we) have read the contents of the Settlement Notice and this Claim Form, including the releases provided for in the Settlement and the terms of the Plan of Allocation;

2.      that the claimant(s) is a (are) member(s) Class Member(s), as defined in the Settlement Notice, and is (are) not excluded by definition from the Class as set forth in the Settlement Notice;

3.      that I (we) own(ed) the Virtus common stock identified in the Claim Form and have not assigned the claim against any of the Defendants or any of the other Defendants' Releasees to another, or that, in signing and submitting this Claim Form, I (we) have the authority to act on behalf of the owner(s) thereof;

4.      that the claimant(s) has (have) not submitted any other claim covering the same purchases of Virtus common stock and knows (know) of no other person having done so on the claimant's (claimants') behalf;

5.      that the claimant(s) submit(s) to the jurisdiction of the Court with respect to claimant's (claimants') claim and for purposes of enforcing the releases set forth herein;

6.      that I (we) agree to furnish such additional information with respect to this Claim Form as Lead Counsel, the Claims Administrator or the Court may require;

7.      that the claimant(s) waive(s) the right to trial by jury, to the extent it exists, agree(s) to the determination by the Court of the validity or amount of this Claim and waives any right of appeal or review with respect to such determination;

8.      that I (we) acknowledge that the claimant(s) will be bound by and subject to the terms of any judgment(s) that may be entered in the Action; and

9.      that the claimant(s) is (are) NOT subject to backup withholding under the provisions of Section 3406(a)(1)(C) of the Internal Revenue Code.  (If you have been notified by the IRS that you are subject to backup withholding, strike the previous sentence.)

UNDER THE PENALTIES OF PERJURY, I (WE) CERTIFY THAT ALL OF THE INFORMATION PROVIDED BY ME (US) ON THIS CLAIM FORM IS TRUE, CORRECT, AND COMPLETE, AND THAT THE DOCUMENTS SUBMITTED HEREWITH ARE TRUE AND CORRECT COPIES OF WHAT THEY PURPORT TO BE.

_____
Signature of claimant                                                                                          Date

_____
Print claimant name here

_____
Signature of joint claimant, if any                                                                    Date

_____
Print joint claimant name here

***Provide the following if the claimant is other than an individual, or is not the person completing this form:***

_____
Signature of person signing on behalf of claimant                                      Date

_____
Print name of person signing on behalf of claimant here

_____
Capacity of person signing on behalf of claimant, if other than an individual, *e.g.*, executor, president, trustee, custodian, etc. (Must provide evidence of authority to act on behalf of claimant.)

## REMINDER CHECKLIST:

1.      Sign above. If this Claim Form is being made on behalf of joint claimants, then both must sign.

2.      Attach only **copies** of supporting documentation as these documents will not be returned to you.

3.      Do not highlight, or use red ink on, any portion of the Claim Form or any supporting documents.

4.      Keep copies of the completed Claim Form and documentation for your own records.

5.      The Claims Administrator will acknowledge receipt of your Claim Form by mailing a postcard within 60 days. Your claim is not deemed filed until you receive this postcard. **If you do not receive a postcard within 60 days, please call the Claims Administrator toll-free at 1-866-680-8403.**

6.      If your address or name changes, or if this Claim Form was sent to an old or incorrect address, you must send the Claims Administrator written notification of your new address/name.

7.      If you have any questions or concerns regarding your claim, please contact the Claims Administrator at the address below, by email at info@VirtusSecuritiesLitigation.com, or by toll-free phone at 1-866-680-8403 or you may visit

www.VirtusSecuritiesLitigation.com. DO NOT call Virtus or any of the other Defendants or their counsel with questions regarding your claim.

THIS CLAIM FORM MUST BE SUBMITTED ONLINE AT WWW.VIRTUSSECURITIESLITIGATION.COM OR MAILED TO THE CLAIMS ADMINISTRATOR BY FIRST-CLASS MAIL, POSTMARKED, **NO LATER THAN _____, 2018**, ADDRESSED AS FOLLOWS:

*In re Virtus Investment Partners, Inc. Securities Litigation*
c/o GCG
P.O. Box 10489
Dublin, OH 43017-4089

# EXHIBIT A-3

**Exhibit A-3**

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VIRTUS INVESTMENT PARTNERS, INC. SECURITIES LITIGATION | Case No. 15-cv-1249 (WHP) |

### SUMMARY NOTICE OF (I) PROPOSED SETTLEMENT AND PLAN OF ALLOCATION; (II) SETTLEMENT HEARING; AND (III) MOTION FOR AN AWARD OF ATTORNEYS' FEES AND PAYMENT OF LITIGATION EXPENSES

**To:** **All persons and entities that, during the period between January 25, 2013 and May 11, 2015, inclusive (the "Class Period"), purchased or otherwise acquired shares of the publicly traded common stock of Virtus Investment Partners, Inc. ("Virtus") and were damaged thereby (the "Class").[1]**

**PLEASE READ THIS NOTICE CAREFULLY; YOUR RIGHTS WILL BE AFFECTED BY THE SETTLEMENT OF A CLASS ACTION LAWSUIT PENDING IN THIS COURT.**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Class Representative, Arkansas Teacher Retirement System, on behalf of itself and the Court-certified Class, in the above-captioned securities class action (the "Action") has reached a proposed settlement of the Action with defendants Virtus, Virtus Opportunities Trust, George R. Aylward, Jeffrey T. Cerutti, and Francis G. Waltman (collectively, the "Defendants") for $22,000,000 in cash that, if approved, will resolve all claims in the Action.

A hearing will be held on _____, 2018 at __:__ _.m., before The Honorable William H. Pauley III, in the United States District Court for the Southern District of New York, Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, New York, NY 10007-1312, Courtroom 20B, to determine: (i) whether the proposed Settlement should be approved as fair, reasonable, and adequate; (ii) whether the Action should be dismissed with prejudice against Defendants, and the releases specified and described in the Stipulation and Agreement of Settlement dated May 18, 2018 should be granted; (iii) whether the proposed Plan of Allocation should be approved as fair and reasonable; and (iv) whether Class Counsel's application for an award of attorneys' fees and payment of expenses should be approved.

**If you are a member of the Class, your rights will be affected by the pending Action and the Settlement, and you may be entitled to share in the Net Settlement Fund**. If you have not yet received the full printed Notice of (I) Proposed Settlement and Plan of Allocation; (II) Settlement Hearing; and (III) Motion for an Award of Attorneys' Fees and Payment of Litigation Expenses (the "Settlement Notice") and the Claim Form,

---

[1] Certain persons and entities are excluded from the Class by definition and others are excluded pursuant to request. The full definition of the Class including a complete description of who is excluded from the Class is set forth in the full Settlement Notice referred to below.

you may obtain copies of these documents by contacting the Claims Administrator at *In re Virtus Investment Partners, Inc. Securities Litigation*, c/o GCG, P.O. Box 10359, Dublin, Ohio 43017-0359, 1-844-850-7746, info@virtussecuritieslitigation.com. Copies of the Settlement Notice and Claim Form can also be downloaded from the website for the Action, www.virtussecuritieslitigation.com.

If you are a Class Member, in order to be eligible to receive a payment under the proposed Settlement, you must submit a Claim Form ***online or postmarked* no later than _____, 2018**. If you are a Class Member and do not submit a proper Claim Form, you will not be eligible to share in the distribution of the net proceeds of the Settlement but you will nevertheless be bound by any judgments or orders entered by the Court in the Action.

Any objections to the proposed Settlement, the proposed Plan of Allocation, and/or Class Counsel's application for attorneys' fees and payment of expenses, must be filed with the Court and delivered to Class Counsel and counsel for Defendants such that they are ***received* no later than _____, 2018**, in accordance with the instructions set forth in the Settlement Notice.

**Please do not contact the Court, the Clerk's office, Virtus, any other Defendants in the Action, or their counsel regarding this notice. All questions about this notice, the proposed Settlement, or your eligibility to participate in the Settlement should be directed the Claims Administrator or Class Counsel.**

Requests for the Settlement Notice and Claim Form should be made to:

*In re Virtus Investment Partners, Inc. Securities Litigation*
c/o GCG
P.O. Box 10359
Dublin, OH 43017-0359
1-844-850-7746
info@virtussecuritieslitigation.com
www.virtussecuritieslitigation.com

Inquiries, other than requests for the Settlement Notice and Claim Form, may be made to Class Counsel:

| **Bernstein Litowitz Berger & Grossmann LLP** | **Labaton Sucharow LLP** |
|---|---|
| John C. Browne, Esq. | Michael H. Rogers, Esq. |
| 1251 Avenue of the Americas | 140 Broadway |
| New York, NY  10020 | New York, NY 1000 |
| 1-800-380-8496 | 1-888-219-6877 |
| blbg@blbglaw.com | settlementquestions@labaton.com |

By Order of the Court

# EXHIBIT B

**Exhibit B**

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

IN RE VIRTUS INVESTMENT PARTNERS,
INC. SECURITIES LITIGATION

Case No. 15-cv-1249 (WHP)

---

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, a consolidated class action is pending in this Court entitled *In re Virtus Investment Partners, Inc. Securities Litigation,* Civil Action No. 15-cv-1249 (the "Action");

WHEREAS, by Order entered May 15, 2017, this Court certified the Action to proceed as a class action on behalf of all persons and entities that, during the period between January 25, 2013 and May 11, 2015, inclusive (the "Class Period"), purchased or otherwise acquired shares of the publicly traded common stock of Virtus Investment Partners, Inc. ("Virtus") and were damaged thereby (the "Class").

WHEREAS, by Order entered November 17, 2017, the Court amended the definition of the Class to exclude explicitly Defendants, their affiliates, and certain other persons and entities;[1] approved the proposed form and content of notices to be disseminated to the Class; and approved the proposed method for dissemination of these notices (the "Notice Order").

---

[1] Excluded from the Class by definition are:  (i) Defendants; (ii) former Defendants; (iii) the affiliates, parents, and subsidiaries of Virtus and Virtus Opportunities Trust ("VOT"); (iv) the Officers and directors of Virtus, VOT, and the affiliates, parents, and subsidiaries of Virtus and VOT during the Class Period; (v) members of the Immediate Family of any excluded person; (vi) any entity in which any excluded person or entity has or had during the Class Period a controlling interest; and (vii) the legal representatives, heirs, successors, and assigns of any excluded person or entity.

WHEREAS, pursuant to the Notice Order, notice was disseminated to potential members of the Class to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (c) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion.

WHEREAS, (a) Lead Plaintiff Arkansas Teacher Retirement System, on behalf of itself and the Class, and (b) defendants Virtus, VOT, and George R. Aylward, Jeffrey T. Cerutti, and Francis G. Waltman (collectively, the "Individual Defendants," together with Virtus and VOT, the "Defendants"; and together with Lead Plaintiff, the "Parties") have entered into a Stipulation and Agreement of Settlement dated May 18, 2018 (the "Stipulation"), that provides for a complete dismissal with prejudice of the claims asserted against Defendants in the Action on the terms and conditions set forth in the Stipulation, subject to the approval of this Court (the "Settlement");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, by Order dated _____ __, 2018 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) ordered that notice of the proposed Settlement be provided to the Class; (c) provided Class Members with the opportunity to object to the proposed Settlement; and (d) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Class;

WHEREAS, the Court conducted a hearing on _____ __, 2018 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable and adequate to the Class, and should therefore be approved; and (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.      **Jurisdiction** – The Court has jurisdiction over the subject matter of the Action, and all matters relating to the Settlement, as well as personal jurisdiction over all of the Parties and each of the Class Members.

2.      **Incorporation of Settlement Documents** – This Judgment incorporates and makes a part hereof: (a) the Stipulation filed with the Court on _____, 2018; and (b) the Settlement Notice and the Summary Settlement Notice, both of which were filed with the Court on _____, 2018.

3.      **Settlement Notice** – The Court finds that the dissemination of the Settlement Notice and the publication of the Summary Settlement Notice: (a) were implemented in accordance with the Preliminary Approval Order; (b) constituted the best notice practicable under the circumstances; (c) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (i) the effect of the proposed Settlement (including the Releases to be provided thereunder); (ii) Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses; (iii) their right to object to any aspect of the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses; and (iv) their right to appear at the Settlement Hearing; (d) constituted due, adequate, and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (e) satisfied the requirements of Rule 23 of the Federal Rules of Civil Procedure,

3

the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.

4. **Final Settlement Approval and Dismissal of Claims** – Pursuant to, and in accordance with, Rule 23 of the Federal Rules of Civil Procedure, this Court hereby fully and finally approves the Settlement set forth in the Stipulation in all respects (including, without limitation: the amount of the Settlement; the Releases provided for therein; and the dismissal with prejudice of the claims asserted against Defendants in the Action), and finds that the Settlement is, in all respects, fair, reasonable, and adequate to the Class. The Parties are directed to implement, perform and consummate the Settlement in accordance with the terms and provisions contained in the Stipulation.

5. The Action and all of the claims asserted against Defendants in the Action by Lead Plaintiff and the other Class Members are hereby dismissed with prejudice. The Parties shall bear their own costs and expenses, except as otherwise expressly provided in the Stipulation.

6. **Binding Effect** – The terms of the Stipulation and of this Judgment shall be forever binding on Defendants, Lead Plaintiff and all other Class Members (regardless of whether or not any individual Class Member submits a Claim Form or seeks or obtains a distribution from the Net Settlement Fund), as well as their respective successors and assigns.

7. **Releases** – The Releases set forth in paragraphs 4 and 5 of the Stipulation, together with the definitions contained in paragraph 1 of the Stipulation relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date. Accordingly, this Court orders that:

(a) Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Lead Plaintiff and each of the other Class Members, on behalf

4

of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Plaintiff's Claim against Defendants and the other Defendants' Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Plaintiff's Claims against any of the Defendants' Releasees.

(b)     Without further action by anyone, and subject to paragraph 8 below, upon the Effective Date of the Settlement, Defendants, on behalf of themselves, and their respective heirs, executors, administrators, predecessors, successors, and assigns in their capacities as such, shall be deemed to have, and by operation of law and of the judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived and discharged each and every Released Defendants' Claim against Lead Plaintiff and the other Plaintiff's Releasees, and shall forever be barred and enjoined from prosecuting any or all of the Released Defendants' Claims against any of the Plaintiff's Releasees.

8.     Notwithstanding paragraphs 7(a) – (b) above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

9.     **Rule 11 Findings** – The Court finds and concludes that the Parties and their respective counsel have complied in all respects with the requirements of Rule 11 of the Federal Rules of Civil Procedure in connection with the institution, prosecution, defense, and settlement of the Action.

10.     **No Admissions** – Neither this Judgment, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or any

other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith):

      (a)     shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff in the Action or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and/or this Judgment;

      (b)     shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation and/or this Judgment; or

(c)      shall be construed against any of the Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial;

*provided, however*, the Parties and the Releasees and their respective counsel may refer to it to effectuate the protections from liability granted hereunder or otherwise to enforce the terms of the Settlement.

11.      **Retention of Jurisdiction** – Without affecting the finality of this Judgment in any way, this Court retains continuing and exclusive jurisdiction over:  (a) the Parties for purposes of the administration, interpretation, implementation and enforcement of the Settlement; (b) the disposition of the Settlement Fund; (c) any motion for an award of attorneys' fees and/or Litigation Expenses by Co-Lead Counsel that will be paid from the Settlement Fund; (d) any motion to approve the Plan of Allocation; (e) any motion to approve the Class Distribution Order; and (f) the Class Members for all matters relating to the Action.

12.      Separate orders shall be entered regarding approval of a plan of allocation and the motion of Co-Lead Counsel for an award of attorneys' fees and payment of Litigation Expenses. Such orders shall in no way affect or delay the finality of this Judgment and shall not affect or delay the Effective Date of the Settlement.

13.      **Modification of the Agreement of Settlement** – Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Class Members in connection with the Settlement.  Without further order of the

Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Settlement.

      14.    **<u>Entry of Final Judgment</u>** – There is no just reason to delay the entry of this Judgment as a final judgment in this Action.  Accordingly, the Clerk of the Court is expressly directed to immediately enter this final judgment in this Action.

      SO ORDERED this _____ day of _____, 2018.


_____
     The Honorable William H. Pauley III
     United States District Judge


#1173533

8