## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VIRTUS INVESTMENT PARTNERS, INC. SECURITIES LITIGATION | Case No. 15-cv-1249 (WHP)<br><br>ECF Case |

**MEMORANDUM OF LAW IN SUPPORT OF CLASS REPRESENTATIVE'S MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT, APPROVAL OF SETTLEMENT NOTICE TO THE CLASS, AND A HEARING TO CONSIDER FINAL APPROVAL OF THE SETTLEMENT**

**LABATON SUCHAROW LLP**
Michael H. Rogers
John J. Esmay
Claiborne R. Hane
140 Broadway
New York, New York 10005
Tel:  (212) 907-0700
Fax:  (212) 818-0477
Email: mrogers@labaton.com
          jesmay@labaton.com
          chane@labaton.com

**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
John C. Browne
Jesse L. Jensen
1251 Avenue of the Americas
New York, New York 10020
Tel:  (212) 554-1400
Fax:  (212) 554-1444
Email:  johnb@blbglaw.com
          jesse.jensen@blbglaw.com

*Co-Lead Counsel for Class Representative*

**TABLE OF CONTENTS**

**Page(s)**

PRELIMINARY STATEMENT ............................................................................2

FACTUAL BACKGROUND ..............................................................................4

    I.      OVERVIEW OF THE LITIGATION ..................................................4

          A.     Litigation Of The Action ........................................................4

          B.     Class Certification And The Notice Of Pendency .......................5

          C.     Agreement In Principle To Settle The Action ............................6

ARGUMENT ...................................................................................................7

    I.      PRELIMINARY APPROVAL IS WARRANTED ................................7

          A.     The Settlement Occurred After Good Faith, Arm's-Length Negotiations Conducted By Informed, Experienced Counsel ...................8

          B.     The Substantial Benefits For The Class, Weighed Against Litigation Risks, Support Preliminary Approval .......................10

    II.     THE PROPOSED FORM AND METHOD OF SETTLEMENT NOTICE ARE APPROPRIATE AND SHOULD BE APPROVED .................12

    III.    THE COURT SHOULD ADOPT THE PROPOSED SCHEDULE....................15

CONCLUSION....................................................................................................16

# TABLE OF AUTHORITIES

**Cases**                                                                              **Page(s)**

*In re Advanced Battery Techs., Inc. Sec. Litig.*,
   298 F.R.D. 171 (S.D.N.Y. 2014) ...................................................................11

*In re Am. Int'l Grp., Inc. Sec. Litig.*,
   293 F.R.D. 459 (S.D.N.Y. 2013) .....................................................................7

*Arbuthnot v. Pierson*,
   607 F. App'x 73 (2d Cir. 2015) .....................................................................10

*In re Citigroup Inc. Bond Litig.*,
   296 F.R.D. 147 (S.D.N.Y. 2013) .....................................................................7

*City of Providence v. Aeropostale, Inc.*,
   No. 11 Civ. 7132, 2014 WL 1883494, at *4 (S.D.N.Y. May 9, 2014)...................10

*Cohen v. J.P. Morgan Chase & Co.*,
   262 F.R.D. 153 (E.D.N.Y. 2009) .....................................................................8

*Denney v. Deutsche Bank AG*,
   443 F.3d 253 (2d Cir. 2006)...........................................................................13

*Dial Corp. v. News Corp.*,
   317 F.R.D. 426 (S.D.N.Y. 2016) .....................................................................9

*In re EVCI Career Colleges Holding Corp. Sec. Litig.*,
   No. 05 Civ. 10240, 2007 WL 2230177 (S.D.N.Y. July 27, 2007) ...........................9

*In re Hi-Crush Partners L.P. Sec. Litig.*,
   No. 12 Civ. 8557, 2014 WL 7323417 (S.D.N.Y. Dec. 19, 2014)...........................11

*In re IMAX Sec. Litig.*,
   283 F.R.D. 178 (S.D.N.Y. 2012) .....................................................................8

*In re Initial Pub. Offering Sec. Litig.*,
   243 F.R.D. 79 (S.D.N.Y. 2007) .....................................................................8

*In re NASDAQ Mkt.-Makers Antitrust Litig.*,
   176 F.R.D. 99 (S.D.N.Y. 1997) .....................................................................3

*In re NASDAQ Mkt.-Makers Antitrust Litig.*,
   187 F.R.D. 465 (S.D.N.Y. 1998) ...................................................................10

*Penn. Pub. Sch. Emp. Ret. Sys. v. Bank of America*,
   No. 11-CV-733 (WHP) (S.D.N.Y. Feb. 2, 2011)  ...................................3, 10, 14, 15

*In re Platinum & Palladium Commod. Litig.*,
   No. 10-cv-3617, 2014 WL 3500655 (S.D.N.Y. Jul. 15, 2014)....................................8

*In re Stock Exchs. Options Trading Antitrust Litig.*,
   No. 99 Civ. 0962, 2006 WL 3498590 (S.D.N.Y. Dec. 4, 2006)..............................12

*In re Veeco Instruments Inc. Sec. Litig.*,
   No. 05 MDL 01695, 2007 WL 4115809, at *5 (S.D.N.Y. Nov. 7, 2007) ................9

*Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*,
   396 F.3d 96 (2d Cir. 2005)..........................................................................7, 8, 13

*Yang v. Focus Media Holding Ltd.*,
   No. 11 Civ. 9051, 2014 WL 4401280 (S.D.N.Y. Sept. 4, 2014) ............................7

**Statutes**

15 U.S.C. §78u-4(a)(7) ....................................................................................9, 12, 13

**Other Authorities**

Fed. R. Civ. P. 23(c) .................................................................................................7

Fed. R. Civ. P. 23(c)(2)(B) .....................................................................................14

Fed. R. Civ. P. 23(c)(3) ...........................................................................................12

Fed. R. Civ. P. 23(e)(1) ...........................................................................................14

Fed. R. Civ. P. 23(e)(2) .............................................................................................7

Class Representative Arkansas Teacher Retirement System ("Class Representative" or "ATRS"), on behalf of itself and the other members of the certified Class,[1] respectfully submits this memorandum of law in support of its motion for preliminary approval of the proposed settlement reached in the above-captioned litigation (the "Settlement"). The Settlement provides a recovery of $22,000,000 in cash to resolve this securities class action brought against Defendants Virtus Investment Partners, Inc., Virtus Opportunities Trust, George R. Aylward, Francis G. Waltman, and Jeffrey T. Cerutti. The terms of the Settlement are set forth in the Stipulation, dated May 18, 2018, entered into by all Parties.

The Settlement will bring to a close three years of hard-fought litigation, which included significant motion practice, certification of a litigation class, the completion of fact and expert discovery, trial preparation, mediation, and robust arm's-length negotiations between counsel. By this motion, Class Representative seeks entry of an order: (i) granting preliminary approval of the Settlement; (ii) approving the form and manner of providing notice of the Settlement to the Class previously certified by the Court; and (iii) scheduling a hearing date for final approval of the Settlement (the "Settlement Hearing") and related events relevant thereto (the "Preliminary Approval Order"). As shown below, the Settlement is fair, reasonable, and adequate under the governing standards in this Circuit, and warrants this Court's preliminary approval.

---

[1]  All capitalized terms used herein that are not defined have the same meanings given to them in the Stipulation and Agreement of Settlement, dated May 18, 2018 (the "Stipulation"). The Stipulation is annexed as Exhibit 1 to the Notice of Motion.

## PRELIMINARY STATEMENT

Class Representative has reached an agreement to settle this Action in exchange for a $22,000,000 cash payment. If approved by the Court, the Settlement will result in a significant payment to Class Members and will resolve this Action in its entirety. Class Representative and Class Counsel believe that the proposed Settlement is in the best interests of the Class because it provides a significant recovery, particularly as weighed against the risks that further protracted litigation might lead to a smaller recovery or no recovery at all.

Prior to entering into the Settlement, Class Representative and Class Counsel: investigated and filed an extensive amended complaint; defeated Defendants' motion to dismiss the Complaint; completed fact and expert discovery, which involved the production of more than five million pages of documents, 21 merits depositions, and four expert reports for ATRS and three expert reports for Defendants; successfully moved for class certification; filed and argued an exhaustive opposition to Defendants' summary judgment motion that included Class Representative's 144-page counterstatement of facts; exchanged mediation submissions; and participated in a full-day mediation session involving the direct participation of representatives from the Parties under the auspices of an experienced and highly respected mediator from the Judicial Mediation and Arbitration Services, Jed D. Melnick, Esq. (the "Mediator"). Accordingly, Class Representative and Class Counsel understand well the risks of continuing this Action, including in particular challenges in establishing that Defendants' allegedly false statements led to the losses suffered by the Class.

At the Settlement Hearing, the Court will have before it more extensive papers in support of the Settlement, and will be asked to make a determination as to whether the

Settlement is fair, reasonable, and adequate according to the courts in the Second Circuit. At this time, Class Representative requests only that the Court grant preliminary approval of the Settlement so that notice may be provided to the Class. Specifically, Class Representative requests that this Court enter the Preliminary Approval Order (filed herewith and attached as Exhibit A to the Stipulation), which will, among other things: (i) preliminarily approve the terms of the Settlement set forth in the Stipulation; (ii) approve the form and content of the Settlement Notice, Claim Form, and Summary Settlement Notice attached as Exhibits 1, 2, and 3 to the proposed Preliminary Approval Order; and (iii) set a date for the Settlement Hearing no earlier than 110 days after entry of the Preliminary Approval Order.

Class Representative and Class Counsel were mindful of this Court's prior discussions concerning similar motions, including in *Penn. Pub. Sch. Emp. Ret. Sys. v. Bank of America*, No. 11-CV-733 (WHP), in requesting the instant relief. Accordingly, Class Representative has submitted a proposed Settlement Notice and Claim Form that are similar to the forms approved by this Court in prior cases, and conformed the escrow account and procedures, the claim filing procedures, and the proposed Settlement schedule to the Court's preferred practices. Class Representative respectfully asks that the Court take the initial step in the approval process and grant preliminary approval of the proposed Settlement. *See In re NASDAQ Mkt.-Makers Antitrust Litig.*, 176 F.R.D. 99, 102 (S.D.N.Y. 1997) ("Preliminary approval of a proposed settlement is the first in a two-step process required before a class action may be settled.").

## FACTUAL BACKGROUND

I.    **OVERVIEW OF THE LITIGATION**

A.    **Litigation Of The Action**

This Action commenced in February 2015 with the filing of a putative securities class action against Defendants in the United States District Court for the Southern District of New York, styled *Cummins v. Virtus Investment Partners, Inc., et al.* On June 9, 2015, the Court entered an Order recaptioning the case as *In re Virtus Investment Partners, Inc. Securities Litigation*, appointed ATRS as Lead Plaintiff, approved ATRS's selection of Bernstein Litowitz Berger & Grossmann LLP ("BLB&G") and Labaton Sucharow LLP ("Labaton") as Co-Lead Counsel for the proposed class, and consolidated all related actions. ECF No. 27.

On August 21, 2015, ATRS filed the operative Complaint in this Action. ECF No. 33. Thereafter, on October 26, 2015, Defendants moved to dismiss the Complaint. ECF No. 52. The Court heard oral argument on Defendants' motion to dismiss on December 17, 2015, and thereafter issued on July 1, 2016 a Memorandum and Order that granted in part, and denied in part, Defendants' motion. ECF No. 68.

The Parties then commenced fact and expert discovery, which ultimately concluded on August 15, 2017. During that time, the Parties conducted a total of 21 depositions (including five expert depositions in connection with class certification and summary judgment), 15 of which were depositions of fact witnesses taken by Class Counsel. Class Representative also met-and-conferred concerning several document requests, resulting in the production and review of approximately five million pages of documents by Defendants and third parties, including the U.S. Securities & Exchange Commission. Class Representative also submitted a total of four expert reports from its expert addressing issues

4

related to the efficiency of the market for Virtus common stock, the calculation of class-wide damages, loss causation and damages. Defendants in turn submitted two expert reports from one of their two experts addressing price impact and loss causation, and one expert report from their other expert addressing the marketing of open-end mutual funds. Defendants also deposed the Class Representative's expert twice, while Class Representative conducted a total of three depositions of Defendants' two experts.

On October 6, 2017, Defendants filed a motion for summary judgment on the issues of loss causation, materiality, falsity, and scienter, which included Defendants' statement of facts pursuant to S.D.N.Y. Local Rule 56.1. ECF Nos. 105-111. On December 4, 2017, Class Representative filed an opposition to Defendants' summary judgment motion, including Class Representative's 55-page response to Defendants' statement of facts and nearly 150-page counterstatement of facts, with 376 exhibits. ECF Nos. 119-123. On December 22, 2017, Defendants filed their reply in support of their motion, which included a response to Class Representative's counterstatement of facts. ECF Nos. 126-128. The Court heard oral argument on the summary judgment motion on January 18, 2018.

In its Order dated August 18, 2017, the Court had scheduled trial to begin on March 19, 2018, with pretrial submissions due on February 16, 2018. ECF No. 100. Prior to agreeing in principle to settle the action, the parties had undertaken significant trial preparation, including exchanging initial exhibit lists and deposition designations.

B.      **Class Certification And The Notice Of Pendency**

On May 15, 2017, the Court issued an order granting ATRS's motion for class certification, appointing ATRS as representative of the Class, and appointing BLB&G and Labaton as Class Counsel. ECF No. 97. On November 17, 2017, the Court approved the form and dissemination of the Class Notice to notify potential Class Members of, among

5

other things: (i) the Action pending against Defendants; (ii) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (iii) each Class Member's right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion. ECF No. 116. On December 15, 2017, the Court granted Class Representative's unopposed request to extend the deadline for mailing the Class Notice to the Class from December 20, 2017 to January 22, 2018. ECF No. 125.

The Court-appointed Administrator ultimately mailed 134,162 copies of the Class Notice to potential Class Members, beginning on January 22, 2018. ECF No. 141. In addition, the Administrator posted the Class Notice on a website developed for the Action, arranged for the publication the Summary Class Notice in the *Wall Street Journal* and *The Financial Times*, and also released the Summary Class Notice through the *PR Newswire* in January 2018. *Id.* The Class Notice provided Class Members with the opportunity to request exclusion from the Class, explained that right, and set forth procedures for doing so. The Class Notice informed Class Members that if they chose to remain a member of the Class, they would "be bound by all past, present, and future orders and judgments in the Action, whether favorable or unfavorable." *Id.* The deadline for mailing any requests for exclusion from the Class was March 23, 2018, and all requests received were reported in the Affidavit Of Jose C. Fraga Regarding (A) Mailing Of The Notice; (B) Publication Of The Summary Notice; And (C) Report On Requests For Exclusion Received, filed with the Court on April 13, 2018. *Id.*

### C.    Agreement In Principle To Settle The Action

At two points during the course of the litigation, the Parties discussed the possibility of reaching a negotiated resolution of the Action, but progress was not made. On December

21, 2017, the parties participated in a session before the Mediator, in preparation for which the parties had submitted detailed statements. Though the session lasted all day, the parties were not able to reach a settlement.

The Parties thereafter resumed litigating the case—including the January 18, 2018 oral argument concerning Defendants' summary judgment motion and trial preparation described above—while continuing to conduct arm's-length settlement discussions. Finally, on February 6, 2018, the parties reached an agreement in principle to settle the Action for $22,000,000.

## **ARGUMENT**

## I.     **PRELIMINARY APPROVAL IS WARRANTED**

Rule 23(c) of the Federal Rules of Civil Procedure provides that a class action settlement must be presented to the court for approval, and the settlement should be approved if the court finds it "fair, reasonable, and adequate." Fed. R. Civ. P. 23(e)(2); *see In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 154 (S.D.N.Y. 2013); *In re Am. Int'l Grp., Inc. Sec. Litig.*, 293 F.R.D. 459, 464 (S.D.N.Y. 2013). Public policy favors settlement of class action litigation. *See Yang v. Focus Media Holding Ltd.*, 2014 WL 4401280, at *3 (S.D.N.Y. Sept. 4, 2014) ("[W]hen exercising discretion to approve a settlement, courts are mindful of the strong judicial policy in favor of settlements[.]" (internal quotation and citation omitted)); *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 116-17 (2d Cir. 2005) ("We are mindful of the strong judicial policy in favor of settlements, particularly in the class action context. The compromise of complex litigation is encouraged by the courts and favored by public policy." (citations and internal quotations omitted)); *In re IMAX Sec. Litig.*, 283 F.R.D. 178, 188 (S.D.N.Y. 2012) ("[T]here is a 'strong judicial policy in favor of settlements, particularly in the class action context[.]'" (citation omitted)).

Courts grant preliminary approval "[w]here the proposed settlement appears to be the product of serious, informed, non-collusive negotiations, has no obvious deficiencies, does not improperly grant preferential treatment to class representatives or segments of the class and falls within the range of possible approval[.]" *In re Initial Pub. Offering Sec. Litig.*, 243 F.R.D. 79, 87 (S.D.N.Y. 2007) (citation omitted); *accord In re Platinum & Palladium Commod. Litig.*, 2014 WL 3500655, at *11 (S.D.N.Y. Jul. 15, 2014); *Cohen v. J.P. Morgan Chase & Co.*, 262 F.R.D. 153, 157 (E.D.N.Y. 2009). In considering preliminary approval, a court looks to both the "negotiating process leading up to the settlement, *i.e.*, procedural fairness, as well as the settlement's substantive terms, *i.e.*, substantive fairness." *Platinum & Palladium*, 2014 WL 3500655 at *11.

As shown below, the proposed Settlement is procedurally and substantively fair.

### A.    The Settlement Occurred After Good Faith, Arm's-Length Negotiations Conducted By Informed, Experienced Counsel

Class Representative agreed to the Settlement after three years of litigation, including the resolution of Defendants' motion to dismiss and Class Representative's motion for class certification, months of fact and expert discovery, full briefing and oral argument concerning Defendants' motion for summary judgment, a full-day session overseen by an experienced class action mediator, and arm's length negotiations by well-informed and experienced counsel. These facts strongly support the conclusion that the Settlement is fair. *See Wal-Mart*, 396 F.3d at 116 (settlement may be presumed to be fair where it is "reached in arm's-length negotiations between experienced, capable counsel after meaningful discovery"); *see also Dial Corp. v. News Corp.*, 317 F.R.D. 426, 430 (S.D.N.Y. 2016).

Further, Class Representative—a sophisticated institutional investor of the type that Congress favored when it passed the Private Securities Litigation Reform Act, 15 U.S.C. §78u-4(a)(7) ("PSLRA")—closely supervises this litigation, including through personal participation in the Parties' mediation session, and recommends that the Settlement be approved. *See In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115809, at *5 (S.D.N.Y. Nov. 7, 2007) ("[U]nder the PSLRA, a settlement reached . . . under the supervision and with the endorsement of a sophisticated institutional investor . . . is 'entitled to an even greater presumption of reasonableness . . . . Absent fraud or collusion, the court should be hesitant to substitute its judgment for that of the parties who negotiated the settlement.'" (quoting *In re EVCI Career Colleges Holding Corp. Sec. Litig.*, 2007 WL 2230177, at *4 (S.D.N.Y. July 27, 2007))). Likewise, each of the two firms appointed as Class Counsel have extensive experience in prosecuting securities class actions in this District and nationally, and have also concluded that the Settlement is in the best interests of the Class. *See In re NASDAQ Mkt.-Makers Antitrust Litig.*, 187 F.R.D. 465, 474 (S.D.N.Y. 1998) (Courts give "'great weight' . . . to the recommendations of counsel[.]").

Both Class Representative and Class Counsel were knowledgeable about the strengths and weaknesses of the case prior to reaching the agreement to settle. Class Representative had conducted an extensive investigation; prepared a detailed amended complaint; briefed, argued and successfully defeated Defendants' motion to dismiss the Complaint; obtained class certification; briefed and argued Defendants' motion for summary judgment, and worked extensively with an expert in economics, damages, and market efficiency.

In sum, the fact that the Settlement is the product of arm's-length settlement negotiations, has been approved by a lead plaintiff appointed pursuant to the PSLRA, and was entered into by experienced and informed counsel, demonstrates the procedural fairness of the process by which the Settlement was reached. The Settlement is, therefore, presumptively fair, reasonable, and adequate. *See City of Providence v. Aeropostale, Inc.*, 2014 WL 1883494, at *4 (S.D.N.Y. May 9, 2014) ("This initial presumption of fairness and adequacy applies here because the Settlement was reached by experienced, fully-informed counsel after arm's-length negotiations."), *aff'd sub nom. Arbuthnot v. Pierson*, 607 F. App'x 73 (2d Cir. 2015).

### B. The Substantial Benefits For The Class, Weighed Against Litigation Risks, Support Preliminary Approval

The Settlement would provide a total settlement amount of $22,000,000 for the benefit of the Class. Consistent with this Court's preferred practice, this sum will be held in escrow with the Court Registry Investment System maintained for the Southern District of New York, rather than with a conventional escrow bank. Ex. 1, ¶¶1(s), 7(a); *see*, *e.g.*, *Bank of America*, No. 11-CV-733 (WHP), ECF No. 333, at 10:14-21 (the Court stated at the preliminary approval hearing that it "will only approve a settlement that includes the deposit of the money into the Court Registry Investment System"). In addition, the Settlement requires that the Court approve payments to the Claims Administrator from the Settlement Funds. Ex. 1, ¶13; *see*, *e.g.*, *Bank of America*, No. 11-CV-733 (WHP), ECF No. 333, at 11:6-11 (requiring Court approval for administration costs).

The Settlement's substantial payment is well above the $6 million median settlement amount in securities class actions in 2017. *See* "Recent Trends in Securities Class Action Litigation: 2017 Full-Year Review," by Stefan Boettrich and Svetlana

Starykh, NERA 2018, at 30, *available at* http://www.nera.com. As will be explained in detail in advance of the Settlement Hearing, the Settlement Amount also represents a very favorable percentage of the maximum damages that could be proven at trial, particularly given the risks of continued litigation. *See*, *e.g.*, *In re Advanced Battery Techs., Inc. Sec. Litig.*, 298 F.R.D. 171, 177 (S.D.N.Y. 2014) ("Securities class actions present hurdles to proving liability that are particularly difficult for plaintiffs to meet.").

Specifically, while Class Representative and its counsel believe in the merit of the Class's claims, settlement at this stage of the litigation is especially favorable in light of Defendants' vigorous challenge to loss causation, which—even if unsuccessful at summary judgment—Defendants presumably would have continued to press at trial. *See*, *e.g.*, *In re Hi-Crush Partners L.P. Sec. Litig.*, 2014 WL 7323417, at *8 (S.D.N.Y. Dec. 19, 2014) (finding settlement favorable where lead plaintiffs "faced the risk that they would be unable to prove loss causation and damages"). In particular, Defendants have argued that news reports issued in December 2013 and May 2014 fully revealed the falsity of the alleged misstatements several months before the alleged corrective disclosures causing stock price declines, which began on September 3, 2014. Defendants have also contended that the news that was revealed on those dates was not corrective of the alleged misstatements. Class Representative also faced ongoing challenges in its ability to establish the materiality of the alleged misstatements, and scienter with respect to Defendant Aylward, the maker of one of the two alleged misstatements sustained by the Court.

For all the foregoing reasons, Class Representative respectfully requests that the Court take the first step in the approval process, and grant preliminary approval.

## II.   THE PROPOSED FORM AND METHOD OF SETTLEMENT
NOTICE ARE APPROPRIATE AND SHOULD BE APPROVED

Class Representative also requests that the Court approve the form and content of the proposed Settlement Notice and Summary Settlement Notice, attached as Exhibits 1 and 3 to the Preliminary Approval Order, as well as the method for providing notice, which satisfy the requirements of due process, the Federal Rules of Civil Procedures, and the PSLRA, 15 U.S.C. §78u-4(a)(7). The content of a notice is generally found to be reasonable if "the average class member [would] understand[] the terms of the proposed settlement and the options provided to class members thereunder." *In re Stock Exchs. Options Trading Antitrust Litig.*, 2006 WL 3498590 at *6 (S.D.N.Y. Dec. 4, 2006) (citation omitted).

The proposed Settlement Notice is the second notice that potential Class Members will have received concerning the Action. *See generally* ECF No. 125. Using a Question and Answer format, it describes the proposed Settlement, and sets forth, among other things: the nature of the Action; the definition of the certified Class; the claims and issues in the Action; what has occurred in the case since the issuance of the Class Notice; and the claims that will be released. The Settlement Notice also: advises that a Class Member may enter an appearance through counsel if desired; describes the binding effect of a judgment on Class Members under F.R.C.P. 23(c)(3); reports the proposed Plan of Allocation for the proceeds of the Settlement; states the procedures and deadline for objecting to the proposed Settlement, the proposed Plan of Allocation, or the requested attorneys' fees and expenses; states the procedures and deadline for submitting a Claim Form to recover from the Settlement; and provides the date, time, and location of the final Settlement Hearing.

In light of the extensive Class Notice previously provided—and the ample opportunity provided to Class Members to request exclusion from the Class at that time—

Class Representative respectfully submits that no second opportunity should be provided for Class Members to request exclusion, and the proposed Notice does not provide for a second opportunity. *See*, *e.g.*, *Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006) (holding that a court is "under no obligation" to grant a second opt-out period and that decision is "confided to the [district] court's discretion"); *Wal-Mart*, 396 F.3d at 114-15. As discussed above, pursuant to the Court's November 17, 2017 Order, the Class Notice provided Class Members with the opportunity to request exclusion, explained that right, and set forth the deadlines and procedures for doing so. The Class Notice also informed Class Members that if they chose to remain a member of the Class, they would "be bound by all past, present and future orders and judgments in the Action, whether favorable or unfavorable."

The Settlement Notice also satisfies the PSLRA's separate disclosure requirements by, *inter alia,* stating: (i) the amount of the Settlement determined in the aggregate and on an average per share basis; (ii) that the Parties do not agree on the average amount of damages per share that would be recoverable in the event that Class Representative prevailed, and stating the issues on which the Parties disagree; (iii) the name, telephone number, and address of Class Counsel who will be available to answer questions concerning any matter contained in the Settlement Notice; (iv) the reasons why the Parties are proposing the Settlement; and (v) that Class Counsel intend to make an application for an award of attorneys' fees and expenses (including the amount of such fees and expenses determined on an average per share basis). *See* 15 U.S.C. §78u -4 (a)(7).

With respect to the application for attorneys' fees and expenses, the case has been prosecuted on a contingency basis since 2015 and Class Counsel have not received any

13

payment of fees or expenses. Class Counsel will apply to the Court for an award of attorneys' fees in an amount not to exceed 25% of the Settlement Fund. With respect to litigation expenses, Class Counsel will apply for payment of Litigation Expenses incurred in connection with the institution, prosecution, and resolution of the claims against the Defendants, in an amount not to exceed $1.2 million, which may include an application for the reasonable costs and expenses incurred by Class Representative directly related to its representation of the Class. This "expense cap," while significant, is a reflection of the fact that the case almost went to trial and significant discovery and expert expenses were incurred. The bases of the fee and expense request will be detailed in upcoming motions.

Class Representative, through the Claims Administrator, will cause the Settlement Notice to be mailed by first class mail to every Class Member who can be identified through reasonable effort, including through using the mailing list for the Class Notice. The Summary Settlement Notice, attached as Exhibit 3 to the Preliminary Approval Order, will be published in *The Financial Times* and the *Wall Street Journal*, and transmitted over *PR Newswire*. F.R.C.P. 23(c)(2)(B) requires a certified class to receive "the best notice that is practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." Similarly, F.R.C.P. 23(e)(1) requires a court to "direct notice in a reasonable manner to all class members who would be bound by the proposal." The proposed notice plan set forth above readily meets these standards, and is typical of notice plans in similar actions.

Finally, based on its review of the Court's preferences, Class Representative took particular care to draft the Settlement Notice and Claim Form in as a direct and accessible fashion as reasonably possible. *See*, *e.g.*, *Bank of America*, No. 11-CV-733 (WHP), ECF

No. 333, at 11:14-15 (at the April 13, 2016 preliminary approval hearing, the Court expressing concern with necessity of "44-page notice and 10-page claim form"). Here, the unformatted Settlement Notice and Claim Form are, respectively, 19 pages and 7 pages long (once formatted for printing, they will be shorter), with the Settlement Notice utilizing the same summary page and Question and Answer style ultimately approved by this Court in *Bank of America*. *Compare* Stipulation Exs. A-1 and A-2, *with Bank of America*, No. 11-CV-733 (WHP), ECF No. 338-2, starting at 7. In addition, the claims process contemplates submission both by mail and electronically, either using the case website or the Claims Administrator's electronic filing department for larger claims, as was done in the *Bank of America* settlement.

For all of the foregoing reasons, the Settlement Notice program should be approved by the Court.

## III.    THE COURT SHOULD ADOPT THE PROPOSED SCHEDULE

Class Representative respectfully proposes the schedule set forth below for Settlement-related events. The proposed schedule revolves around the dates that the Court enters the Preliminary Approval Order and on which the Court schedules the Settlement Hearing—which Class Representative requests be no earlier than 110 calendar days from the date of entry of the Preliminary Approval Order. The proposed schedule is also consistent with the Court's previously stated preference that the claim deadline occur before the Settlement Hearing so that an assessment of the claim filing can be presented to the Court. *See*, *e.g.*, *Bank of America*, No. 11-CV-733 (WHP), ECF No. 342 at 11.

| Event | Proposed Timing |
|---|---|
| Deadline for mailing the Settlement Notice and Claim Form to Class Members (which date shall be the "Notice Date") (Preliminary Approval Order ¶4(a)) | No later than 20 business days after entry of Preliminary Approval Order |
| Deadline for publishing the Summary Settlement Notice (Preliminary Approval Order ¶4(c)) | No later than 10 business days after the Notice Date |
| Deadline for filing of papers in support of final approval of the Settlement, Plan of Allocation, and Class Counsel's application for attorneys' fees and expenses (Preliminary Approval Order ¶23) | 35 calendar days before the date set for the Settlement Hearing |
| Deadline for receipt of objections (Preliminary Approval Order ¶¶12-13) | 21 calendar days before the date set for the Settlement Hearing |
| Postmark deadline for submitting Claim Forms (Preliminary Approval Order ¶8) | 14 calendar days before the date set for the Settlement Hearing |
| Deadline for filing reply papers (Preliminary Approval Order ¶23) | 7 calendar days before the date set for the Settlement Hearing |
| Settlement Hearing (Preliminary Approval Order ¶2) | 110 calendar days after entry of the Preliminary Approval Order, or at the Court's earliest convenience thereafter |

If the Court agrees with the proposed schedule, Class Representative requests that Court schedule the Settlement Hearing 110 calendar days after entry of the Preliminary Approval Order, or at the Court's earliest convenience thereafter.

## CONCLUSION

Based on the foregoing, Class Representative respectfully requests that the Court enter the proposed Preliminary Approval Order, which will provide for: (i) preliminary approval of the Settlement; (ii) approval of the form and manner of giving notice of the

Settlement to the Class; and (iii) a hearing date and time to consider final approval of the

Settlement and related matters.

Dated: May 18, 2018                                    Respectfully submitted,

                                                       /s/ Jesse L. Jensen
                                                       **BERNSTEIN LITOWITZ**
                                                       **BERGER & GROSSMANN LLP**
                                                       John C. Browne
                                                       Jesse L. Jensen
                                                       1251 Avenue of the Americas
                                                       New York, New York 10020
                                                       Tel:  (212) 554-1400
                                                       Fax:  (212) 554-1444
                                                       Email: johnb@blbglaw.com
                                                                jesse.jensen@blbglaw.com

                                                       **LABATON SUCHAROW LLP**
                                                       Michael H. Rogers
                                                       John J. Esmay
                                                       Claiborne R. Hane
                                                       140 Broadway
                                                       New York, New York 10005
                                                       Tel:  (212) 907-0700
                                                       Fax:  (212) 818-0477
                                                       Email: mrogers@labaton.com
                                                                jesmay@labaton.com
                                                                chane@labaton.com

                                                       ***Co-Lead Counsel for Class***
                                                       ***Representative Arkansas Teacher***
                                                       ***Retirement System***