UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE VIRTUS INVESTMENT PARTNERS, INC. SECURITIES LITIGATION | Case No. 15-cv-1249 (WHP) |

ORDER PRELIMINARILY APPROVING
SETTLEMENT AND PROVIDING FOR NOTICE

WHEREAS, a consolidated class action is pending in this Court entitled *In re Virtus Investment Partners, Inc. Securities Litigation,* Civil Action No. 15-cv-1249 (the "Action");

WHEREAS, by Order entered May 15, 2017, this Court certified the Action to proceed as a class action on behalf of all persons and entities that, during the period between January 25, 2013 and May 11, 2015, inclusive (the "Class Period"), purchased or otherwise acquired shares of the publicly traded common stock of Virtus Investment Partners, Inc. ("Virtus") and were damaged thereby (the "Class");

WHEREAS, by Order entered November 17, 2017, the Court amended the definition of the Class to exclude explicitly Defendants, their affiliates, and certain other persons and entities;[1] approved the proposed form and content of notices to be disseminated to the Class; and approved the proposed method for dissemination of these notices (the "Notice Order").

---

[1] Excluded from the Class by definition are: (i) Defendants; (ii) former Defendants; (iii) the affiliates, parents, and subsidiaries of Virtus and Virtus Opportunities Trust ("VOT"); (iv) the Officers and directors of Virtus, VOT, and the affiliates, parents, and subsidiaries of Virtus and VOT during the Class Period; (v) members of the Immediate Family of any excluded person; (vi) any entity in which any excluded person or entity has or had during the Class Period a controlling interest; and (vii) the legal representatives, heirs, successors, and assigns of any excluded person or entity.

WHEREAS, pursuant to the Notice Order, notice was disseminated to potential members of the Class to notify them of, among other things: (a) the Action pending against Defendants; (b) the Court's certification of the Action to proceed as a class action on behalf of the Class; and (c) their right to request to be excluded from the Class, the effect of remaining in the Class or requesting exclusion, and the requirements for requesting exclusion.

WHEREAS, (a) Lead Plaintiff Arkansas Teacher Retirement System, on behalf of itself and the Class, and (b) defendants Virtus, VOT, and George R. Aylward, Jeffrey T. Cerutti, and Francis G. Waltman (collectively, the "Individual Defendants," and together with Virtus and VOT, the "Defendants"; and together with Lead Plaintiff, the "Parties") have determined to settle all claims asserted against Defendants in this Action with prejudice on the terms and conditions set forth in the Stipulation and Agreement of Settlement dated May 18, 2018 (the "Stipulation"), subject to approval of this Court (the "Settlement");

WHEREAS, Lead Plaintiff has made an application, pursuant to Rule 23 of the Federal Rules of Civil Procedure, for an order preliminarily approving the Settlement in accordance with the Stipulation, and approving notice of the Settlement to Class Members as more fully described herein;

WHEREAS, the Court has read and considered: (a) Lead Plaintiff's motion for preliminary approval of the Settlement, and the papers filed and arguments made in connection therewith; and (b) the Stipulation and the exhibits attached thereto; and

WHEREAS, unless otherwise defined herein, all capitalized words contained herein shall have the same meanings as they have in the Stipulation;

NOW THEREFORE, IT IS HEREBY ORDERED:

1. **Preliminary Approval of the Settlement** – The Court hereby preliminarily approves the Settlement, as embodied in the Stipulation, as being fair, reasonable and adequate to the Class subject to further consideration at the Settlement Hearing to be conducted as described below.

2. **Settlement Hearing** – The Court will hold a settlement hearing (the "Settlement Hearing") on ___October 24___, 2018 at 10:00 a.m. at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl St., New York, NY 10007-1312, in Courtroom 20B, for the following purposes: (a) to determine whether the proposed Settlement on the terms and conditions provided for in the Stipulation is fair, reasonable, and adequate to the Class, and should be approved by the Court; (b) to determine whether a Judgment substantially in the form attached as Exhibit B to the Stipulation should be entered dismissing the Action with prejudice against Defendants; (c) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved; (d) to determine whether the motion by Co-Lead Counsel for an award of attorneys' fees and Litigation Expenses should be approved; and (e) to consider any other matters that may properly be brought before the Court in connection with the Settlement. Notice of the Settlement and the Settlement Hearing shall be given to Class Members as set forth in paragraph 4 of this Order.

3. The Court may adjourn the Settlement Hearing without further notice to the Class and may approve the proposed Settlement with such modifications as the Parties may agree to, if appropriate, without further notice to the Class.

4. **Retention of Claims Administrator and Manner of Giving Notice** – Co-Lead Counsel are hereby authorized to retain Garden City Group, LLC (the "Claims Administrator" or

"GCG"), which was previously approved by the Court to administer the dissemination of the Class Notice, to supervise and administer the notice procedure in connection with the proposed Settlement as well as the processing of Claims as more fully set forth below. Notice of the Settlement and the Settlement Hearing shall be given by Co-Lead Counsel as follows:

(a) not later than the "Notice Date," which shall be twenty (20) business days after the date of entry of this Order, the Claims Administrator shall cause a copy of the Settlement Notice and the Claim Form, substantially in the forms attached hereto as Exhibits 1 and 2, respectively (the "Settlement Notice Packet"), to be mailed by first-class mail to potential Class Members at the addresses set forth in the records provided or caused to be provided by Virtus, or who otherwise may be identified through further reasonable effort;

(b) contemporaneously with the mailing of the Settlement Notice Packet, the Claims Administrator shall cause copies of the Settlement Notice and the Claim Form to be posted on the website for this Action, www.VirtusSecuritiesLitigation.com, from which copies of the Settlement Notice and Claim Form can be downloaded;

(c) not later than ten (10) business days after the Notice Date, the Claims Administrator shall cause the Summary Settlement Notice, substantially in the form attached hereto as Exhibit 3, to be published once in the *Wall Street Journal* and *Financial Times* and to be transmitted once over *PR Newswire*; and

(d) not later than seven (7) calendar days prior to the Settlement Hearing, Co-Lead Counsel shall serve on Defendants' Counsel and file with the Court proof, by affidavit or declaration, of such mailing and publication.

5. **Approval of Form and Content of Notice** – The Court (a) approves, as to form and content, the Settlement Notice, the Claim Form, and the Summary Settlement Notice,

attached hereto as Exhibits 1, 2, and 3, respectively, and (b) finds that the mailing and distribution of the Settlement Notice and Claim Form and the publication of the Summary Settlement Notice in the manner and form set forth in paragraph 4 of this Order (i) is the best notice practicable under the circumstances; (ii) constitutes notice that is reasonably calculated, under the circumstances, to apprise Class Members of the proposed Settlement (including the Releases to be provided thereunder), of Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses, of their right to object to the Settlement, the Plan of Allocation, and/or Co-Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses, and of their right to appear at the Settlement Hearing; (iii) constitutes due, adequate and sufficient notice to all persons and entities entitled to receive notice of the proposed Settlement; and (iv) satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4, as amended, and all other applicable law and rules.  The date and time of the Settlement Hearing shall be included in the Settlement Notice and Summary Settlement Notice before they are mailed and published, respectively.

6.     **Nominee Procedures** – In connection with the previously disseminated Class Notice, securities brokers and other nominees ("Nominees") were advised that, if they purchased or otherwise acquired Virtus common stock during the Class Period for the beneficial interest of persons or entities other than themselves, they must either:  (a) within seven (7) calendar days of receipt of the Class Notice, request from GCG sufficient copies of the Class Notice to forward to all such beneficial owners and within seven (7) calendar days of receipt of those Class Notices

forward them to all such beneficial owners; or (b) within seven (7) calendar days of receipt of the Class Notice, provide a list of the names and addresses of all such beneficial owners to GCG.

  (a)  For Nominees who chose the first option (*i.e.*, elected to mail the Class Notice directly to beneficial owners), GCG shall forward the same number of Settlement Notice Packets to such Nominees, and the Nominees shall, within seven (7) calendar days of receipt of the Settlement Notice Packets, mail the Settlement Notice Packets to their beneficial owners;

  (b)  For Nominees who chose the second option (*i.e.*, provided a list of names and addresses of beneficial holders to GCG), GCG shall promptly mail a copy of the Settlement Notice Packet to each of the beneficial owners whose names and addresses the Nominee previously supplied.  Unless the Nominee purchased or otherwise acquired Virtus common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to GCG, such Nominees need not take any further action;

  (c)  For Nominees that purchased or otherwise acquired Virtus common stock during the Class Period for beneficial owners whose names and addresses were not previously provided to GCG or if a Nominee is aware of name and address changes for beneficial owners whose names and addresses were previously provided to GCG, such Nominees shall within seven (7) calendar days of receipt of the Settlement Notice, provide a list of the names and addresses of all such beneficial owners to GCG, or shall request from GCG sufficient copies of the Settlement Notice Packet to forward to all such beneficial owners which the Nominee shall, within seven (7) calendar days of receipt of the Settlement Notice Packets from GCG, mail to the beneficial owners; and

  (d)  Upon full and timely compliance with this Order, Nominees who mail the Settlement Notice Packets to beneficial owners may seek reimbursement of their reasonable

expenses actually incurred in complying with this Order by providing GCG with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by Nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court.

7. **CAFA Notice** – As provided in the Stipulation, Defendants shall provide the notice required under the Class Action Fairness Act, 28 U.S.C. § 1715(b) ("CAFA") no later than ten (10) calendar days following the filing of the Stipulation with the Court. Defendants are solely responsible for the costs of the CAFA notice and administering the CAFA notice. At least seven (7) calendar days before the Settlement Hearing, Defendants shall cause to be served on Co-Lead Counsel and filed with the Court proof, by affidavit or declaration, regarding compliance with 28 U.S.C. § 1715(b).

8. **Participation in the Settlement** – Class Members who wish to participate in the Settlement and to be eligible to receive a distribution from the Net Settlement Fund must complete and submit a Claim Form in accordance with the instructions contained therein. Unless the Court orders otherwise, all Claim Forms must be submitted online or postmarked no later than fourteen (14) calendar days prior to the Settlement Hearing. Notwithstanding the foregoing, Co-Lead Counsel may, at its discretion, accept for processing late Claims provided such acceptance does not delay the distribution of the Net Settlement Fund to the Class. By submitting a Claim, a person or entity shall be deemed to have submitted to the jurisdiction of the Court with respect to his, her or its Claim and the subject matter of the Settlement.

9. Each Claim Form submitted must satisfy the following conditions: (a) it must be properly completed, signed and submitted in a timely manner in accordance with the provisions

of the preceding paragraph; (b) it must be accompanied by adequate supporting documentation for the transactions and holdings reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional and holding information found in a broker confirmation slip or account statement, or such other documentation as is deemed adequate by Co-Lead Counsel or the Claims Administrator; (c) if the person executing the Claim Form is acting in a representative capacity, a certification of his, her or its current authority to act on behalf of the Class Member must be included in the Claim Form to the satisfaction of Co-Lead Counsel or the Claims Administrator; and (d) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

10. Any Class Member that does not timely and validly submit a Claim Form or whose Claim is not otherwise approved by the Court: (a) shall be deemed to have waived his, her or its right to share in the Net Settlement Fund; (b) shall be forever barred from participating in any distributions therefrom; (c) shall be bound by the provisions of the Stipulation and the Settlement and all proceedings, determinations, orders and judgments in the Action relating thereto, including, without limitation, the Judgment and the Releases provided for therein, whether favorable or unfavorable to the Class; and (d) will be barred from commencing, maintaining or prosecuting any of the Released Plaintiff's Claims against each and all of the Defendants' Releasees, as more fully described in the Stipulation and Notice. Notwithstanding the foregoing, late Claim Forms may be accepted for processing as set forth in paragraph 8 above.

11. **<u>No Second Opportunity to Request Exclusion From the Class</u>** – In light of the extensive notice program undertaken in connection with class certification and the ample

opportunity provided to Class Members to request exclusion from the Class at that time, the Court is exercising its discretion in accordance with Second Circuit precedent (*see, e.g.*, *Denney v. Deutsche Bank AG*, 443 F.3d 253, 271 (2d Cir. 2006) and *Wal-Mart Stores, Inc.* v. *Visa U.S.A., Inc.*, 396 F.3d 96, 114-15 (2d Cir. 2005)) to not require a second opportunity for Class Members to exclude themselves from the Class in connection with the Settlement proceedings.

12. **Appearance and Objections at Settlement Hearing** – Any Class Member may enter an appearance in the Action, at his, her or its own expense, individually or through counsel of his, her or its own choice, by filing with the Clerk of Court and delivering a notice of appearance to both Co-Lead Counsel and Defendants' Counsel, at the addresses set forth in paragraph 13 below, such that it is received no later than twenty-one (21) calendar days prior to the Settlement Hearing, or as the Court may otherwise direct. Any Class Member who does not enter an appearance will be represented by Co-Lead Counsel.

13. Any Class Member may file a written objection to the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses and appear and show cause, if he, she or it has any cause, why the proposed Settlement, the proposed Plan of Allocation and/or Co-Lead Counsel's motion for attorneys' fees and payment of Litigation Expenses should not be approved; *provided, however*, that no Class Member shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement, the proposed Plan of Allocation, and/or the motion for attorneys' fees and payment of Litigation Expenses unless that person or entity has filed a written objection with the Court and served copies of such objection on Co-Lead Counsel and Defendants' Counsel at the addresses set forth below such that they are received no later than twenty-one (21) calendar days prior to the Settlement Hearing.

| **Co-Lead Counsel** | **Defendants' Counsel** |
|---|---|
| Bernstein Litowitz Berger & Grossmann LLP<br>John C. Browne, Esq.<br>1251 Avenue of the Americas, 44th Floor<br>New York, NY  10020 | Joseph M. McLaughlin, Esq.<br>Simpson Thacher & Bartlett LLP<br>425 Lexington Avenue<br>New York, NY 10017 |
| Michael H. Rogers, Esq.<br>Labaton Sucharow LLP<br>140 Broadway<br>New York, NY 10005 | |

14. Any objections, filings and other submissions by the objecting Class Member: (a) must state the name, address, and telephone number of the person or entity objecting and must be signed by the objector; (b) must state whether the objector is represented by counsel and, if so, the name, address and telephone number of the objector's counsel; (c) must contain a statement of the Class Member's objection or objections, and the specific reasons for each objection, including any legal and evidentiary support the Class Member wishes to bring to the Court's attention; and (d) must include documents sufficient to prove membership in the Class, including documents showing the number of shares of Virtus common stock that the objecting Class Member purchased/acquired and/or sold during the Class Period, as well as the number of shares, dates, and prices for each such purchase/acquisition and sale.  Objectors who enter an appearance and desire to present evidence at the Settlement Hearing in support of their objection must include in their written objection or notice of appearance the identity of any witnesses they may call to testify and any exhibits they intend to introduce into evidence at the hearing.

15. Any Class Member who or which does not make his, her or its objection in the manner provided herein shall be deemed to have waived his, her or its right to object to any aspect of the proposed Settlement, the proposed Plan of Allocation, and/or Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses and shall be forever

barred and foreclosed from objecting to the fairness, reasonableness or adequacy of the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses, or from otherwise being heard concerning the Settlement, the Plan of Allocation, or the requested attorneys' fees and Litigation Expenses in this or any other proceeding.

16. **Stay and Temporary Injunction** – Until otherwise ordered by the Court, the Court stays all proceedings in the Action other than proceedings necessary to carry out or enforce the terms and conditions of the Stipulation.  Pending final determination of whether the Settlement should be approved, the Court bars and enjoins Lead Plaintiff, and all other members of the Class from commencing or prosecuting any and all of the Released Plaintiff's Claims against each and all of the Defendants' Releasees.

17. **Notice and Administration Costs** – Co-Lead Counsel may, on behalf of themselves and the Claims Administrator, apply to the Court for reimbursement from the Settlement Fund to pay Notice and Administration Costs actually and reasonably incurred.

18. **Settlement Fund** – Pursuant to the terms of the Stipulation, Defendants shall pay or cause to be paid $22,000,000.00 in cash (the Settlement Amount) into an interest-bearing escrow account maintained by the Court Registry Investment System maintained for the United States District Court for the Southern District of New York (the "Escrow Agent").  The Settlement Amount, plus any and all interest earned thereon, shall constitute the Settlement Fund and will be subject to the terms of the Stipulation.  Any interest earned on the money held in the Settlement Fund shall be credited by the Escrow Agent to the Settlement Fund.  In accordance with 28 U.S.C. §1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk of the Court is directed, without further order of this Court, to deduct from the income earned on the money in the Settlement Fund a fee equal to the lesser of

(i) 10% of the income earned on the money in the Settlement Fund or (ii) the fee authorized by the Judicial Conference of the United States as currently set by the Director of the Administrative Office. The Clerk of the Court shall provide to Co-Lead Counsel the monthly statements of interest earned by the Settlement Fund.

19. The contents of the Settlement Fund shall be deemed and considered to be *in custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as they shall be distributed pursuant to the Stipulation and/or further order(s) of the Court.

20. **Taxes** – Co-Lead Counsel is authorized and directed to prepare any tax returns and any other tax reporting form for or in respect to the Settlement Fund and to otherwise perform all obligations with respect to Taxes and any reporting or filings in respect thereof in a manner consistent with the provisions of the Stipulation. To the extent that Taxes are incurred or owed by the Settlement Fund, Co-Lead Counsel shall apply to the Court for the disbursal of sufficient funds to pay these Taxes, which may include any fees incurred in connection with the preparation and filing of any tax returns or other required filings.

21. **Termination of Settlement** – If the Settlement is terminated as provided in the Stipulation, the Settlement is not approved, or the Effective Date of the Settlement otherwise fails to occur, this Order shall be vacated, rendered null and void and be of no further force and effect, except as otherwise provided by the Stipulation, and this Order shall be without prejudice to the rights of Lead Plaintiff, the other Class Members, and Defendants, and the Parties shall revert to their respective positions in the Action as of February 6, 2018, as provided in the Stipulation.

22. **Use of this Order** – Neither this Order, the Stipulation (whether or not consummated), including the exhibits thereto and the Plan of Allocation contained therein (or

any other plan of allocation that may be approved by the Court), the Supplemental Agreement, the negotiations leading to the execution of the Stipulation, nor any proceedings taken pursuant to or in connection with the Stipulation and/or approval of the Settlement (including any arguments proffered in connection therewith): (a) shall be offered against any of the Defendants' Releasees as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Defendants' Releasees with respect to the truth of any fact alleged by Lead Plaintiff in the Action or the validity of any claim that was or could have been asserted or the deficiency of any defense that has been or could have been asserted in this Action or in any other litigation, or of any liability, negligence, fault, or other wrongdoing of any kind of any of the Defendants' Releasees or in any way referred to for any other reason as against any of the Defendants' Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (b) shall be offered against any of the Plaintiff's Releasees, as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Plaintiff's Releasees that any of their claims are without merit, that any of the Defendants' Releasees had meritorious defenses, or that damages recoverable under the Complaint would not have exceeded the Settlement Amount or with respect to any liability, negligence, fault or wrongdoing of any kind, or in any way referred to for any other reason as against any of the Plaintiff's Releasees, in any civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; or (c) shall be construed against any of Defendants' Releasees or Plaintiff's Releasees as an admission, concession, or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; *provided, however*, that if the

Stipulation is approved by the Court, the Parties, Defendants' Releasees, Plaintiff's Releasees and their respective counsel may refer to it to effectuate the protections from liability granted thereunder or otherwise to enforce the terms of the Settlement.

23. **Supporting Papers** – Co-Lead Counsel shall file and serve the opening papers in support of the proposed Settlement, the Plan of Allocation, and Co-Lead Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses no later than thirty-five (35) calendar days prior to the Settlement Hearing; and reply papers, if any, shall be filed and served no later than seven (7) calendar days prior to the Settlement Hearing.

24. The Court retains jurisdiction to consider all further applications arising out of or connected with the proposed Settlement.

SO ORDERED this ___28___ day of ___June___, 2018.

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

14